Roscoe V. Elsworth, J.
In these proceedings to review, instituted under section 46 of the Tax Law, the sole issue presented is the legality of special franchise assessments for the year of 1952 made by the State Board of Equalization and Assessment on petitioner’s two gas pipe lines located below the bottom of the Hudson River and which said lines are located partly in the town of Cortlandt, Westchester County, and partly in the town of Stoney Point, Rockland County. The facts are not in dispute.
In 1952 the Board of Commissioners of the Land Office of the State of New York, acting under powers granted expressly *998 by subdivision 2 of section 3 of the Public Lands Law, made two separate grants to petitioner of a “ right and easement to construct, maintain and operate one 24 inch natural gas pipe line for the transportation of natural gas only below the bottom of the Hudson River in and upon a strip of land thirty-five feet in width under water in the Hudson River ” for a period of 25 years. Petitioner then constructed a natural gas pipe line in each of the two said 35-foot strips and the same were assessed as the exercise of a special franchise.
Petitioner argues that it acquired an interest in land owned by the State of Hew York under the Hudson River in the nature of an easement and its use of that interest by pipe lines does not constitute a special franchise. Respondents contend that the grants did not convey any title to or any interest in the lands belonging to the State in the bed of the Hudson River, but gave petitioner only special franchise rights.
Historically a franchise is a royal privilege or branch of the King’s prerogative subsisting in the hands of a subject. It is an attribute of sovereignty and has been defined as “ a special privilege conferred by government on individuals, and which does not belong to the citizen of a country generally, by common right.” (Curtis v. Leavitt, 15 N. Y. 9, 170.) A franchise is a right or privilege granted by the sovereignty to do an act which could not be done without a grant from the sovereign power. It is a right or privilege that can be granted by sovereignty alone, and if it is a right or privilege of such a nature that a private party might grant a like right or privilege on his property it is not a franchise.
An easement is a right which one person has to use the land of another for a specific purpose not inconsistent with the general property right of another. It involves an interest in land. Ordinarily, an easement is not a creation of or a grant by the sovereignty but it may be. “ There exists a clear distinction between a franchise and an easement. The grant of a franchise does not carry with it an interest in land. It is a privilege which may be granted and acquired without involving the ownership of land. On the other hand, an easement is essentially an interest in land. It is a dominant estate imposed upon a servient estate. The privilege of using the streets for railway purposes is a franchise. The actual occupation of the streets for railroad purposes by virtue of ordinances is an easement.” (Texas & Pacific Ry. Co. v. City of El Paso, 126 Tex. 86.)
If a private owner of property granted to another a right and easement to construct, maintain and operate a pipe line *999 in and upon a strip of land, there is no doubt that an easement would be created. Here the issue presented is whether the grant was done ‘‘ by virtue of the ownership of either land or an easement therein ” or whether the grant was in essence ‘‘ some privilege that has been given a party either in derogation of the public right, or as sharing in or by virtue of the public right.” (People ex rel. Hudson & Manhattan R. R. Co. v. State Bd. of Tax Comrs., 203 N. Y. 119, 129.) The issue can only be resolved by a consideration of the nature of the interest of the State of New York in navigable waters.
The State of New York has two separate and distinct interests in the navigable waters within its bounds. It has both ownership of the soil under navigable waters and has also control over navigable waters for the benefit of the public. “ The title to the bed of navigable streams and the control of navigable waters are vested in the state, subject to the limitations found in the Federal Constitution. * * * The state, except for such limitations, has power to grant the title to lands under water, unconditionally or conditionally, or it may grant special rights therein.” (People v. Delaware & Hudson Co., 213 N. Y. 194, 199.)
The State of New York in other words has a dual interest in the Hudson River. Title to the bed of the Hudson River is an ownership similar to that of a private owner of a parcel of land. On the other hand, the control of the waters of the Hudson River is linked with the powers of sovereignty. The granting of the right to build a bridge across the Hudson River is a franchise, for it is predicated on the rights inhering in the State of New York as the result of sovereignty. The granting of rights in the real estate in the bed of the Hudson River, on the other hand, is not an attribute of sovereignty and therefore is not a franchise. It is an easement that exists without the trappings of sovereignty.
The conclusion that an easement and not a franchise was granted is fortified by a construction of subdivision 2 of section 3 of the Public Lands Law. That section authorizes the Board of Commissioners of the Land Office to grant rights and easements in perpetuity or otherwise in State lands, including lands under water. Such power is related to the proprietary ownership of lands by the State and is not related to the sovereign power to grant franchises. As stated in the dissent in People ex rel. Bryan v. State Bd. of Tax Comrs. (142 App. Div. 796, 805-806) “ the Commissioners of the Land Office were only authorized to represent the State with respect to its proprietary ownership of lands and were not clothed with any of the *1000 sovereign power to grant franchises. The Special Franchise Tax Law relates to licenses, permits and grants of public property rights as distinguished from rights in private property even though owned by the State. ’’ When the State ‘‘ conveys the under water lands to an individual its act has the quality of an ordinary grant by a land proprietor.” (Waterford Elec. Light, Heat & Power Co. v. State of New York, 208 App. Div. 273, 284.) Here, by the express powers of subdivision 2 of section 3 of the Public Lands Law, the State, dealing with its proprietary interest in lands, conveyed an interest in and upon a strip of land which resulted in an easement without the characteristics of a franchise.
Petitioner urges that People ex rel. Hudson & Manhattan R. R. Co. v. State Bd. of Tax Comrs. (203 N. Y. 119, supra) is conclusive authority for the proposition that its pipelines are maintained and operated by virtue of its ownership of interest in land and not by virtue of any special franchise. In that case the relator occupied tunnels in land under the Hudson River pursuant to a grant by the Commissioners of the Land Office described as “ a right of way 160 feet in width and 40 feet in height beneath the lands under the waters of the Hudson river for the construction of its tunnels and the use of the company’s railroad.” (p. 126.) It was held that “ the tunnels and railroad of the relator on this part of its route, being constructed on its own right of way, are not to be deemed the exercise of a special franchise under the statute.” (p. 126.)
Respondents on the other hand seek to distinguish that case from the instant situation; they concede that in such case there was an actual grant of an interest in the lands in the bed of the Hudson River; but they say here, however, that the only thing granted was the right and easement to construct, maintain and operate natural gas lines beneath the Hudson River. There is no valid distinction between a grant giving right to construct and maintain something in a specified piece of land and a grant of an easement in a specified piece of land within which something may be constructed and maintained.
By reason and precedent the special franchise tax assessments on said gas lines are found to be unauthorized. Accordingly, the determinations of the State Board of Equalization and Assessment are annulled and the assessments entered pursuant thereto are to be striken from the local assessment rolls.
Submit orders.