In the Matter of ALGONQUIN GAS TRANSMISSION COMPANY, Respondent, against FRANK C. MOORE et al., Appellants.

Third Department, July 31, 1958.

*Louis J. Lefkowitz*, Attorney-General (*Edward J. Grogan, Jr.*, *Paxton Blair* and *George H. Radz* of counsel), for appellants.

*Patrick H. Sullivan* and *Bernard L. Sanoff* for respondent.

HERLIHY, J. The petitioner is a public utility company organized under the laws of the State of Delaware, subject to the supervision of the Federal Power Commission and engaged in the transportation of natural gas by underground pipe lines. Its pipe lines under the Hudson River are here questioned as to whether they constitute " special franchise ". The petitioner obtained pursuant to Public Lands Law (§ 3, subd. 2) from the board of commissioners of the land office two separate indentures which the parties by stipulation recognize as rights and easements for the purpose of installing two 24-inch gas mains below the bed of the Hudson River solely for the purpose of transporting natural gas. In consideration of the above for a 25-year period the petitioner paid to the State of New York $24,452.

Thereafter and on May 24, 1952, the appellant " State Board " levied special franchise assessments in the amount of $384,788 and $379,725 on the property granted to it by the State of New York below the bed of the Hudson River, partly in the town of Cortlandt, Westchester County and partly in the town of Stony Point, Rockland County.

The decision and opinion of the lower court was reported in 2 Misc 2d 997.

There is little if any dispute concerning the facts, the petitioner contending that having been granted an easement, the pipe lines are on lands under its control and the State Board contending that even though that be so, that the pipes are in a public place in accordance with subdivision 6 of section 2 of the Tax Law and as such constitute " special franchise ". Said section reads in part: " A special franchise shall be deemed to include the value of the tangible property * * * under or above any street, highway, public place or public waters in connection with the special franchise."

If the State had granted permission, privilege or a right for the installation of said pipes, then we would be constrained to agree with the contention of the State Board. In *People ex rel. New York Cent. R. R. Co.* v. *Woodbury* (203 N. Y. 167, 176)

the court said: '' The franchise is created by *grant* and cannot be acquired by purchase or condemnation.'' (Emphasis supplied.) Here there was a grant of title to land and the opinion of the court in *People ex rel. Hudson & Manhattan R. R. Co.* v. *State Bd. of Tax Comrs.* (203 N. Y. 119, 129) is applicable: '' The action of the land commissioners was not a grant to the company of any franchise. It was simply a grant of a title to land. Whether the letters patent conveyed a fee or an easement is immaterial. The company acquired by it such an interest in the land as authorized it to construct thereon its tunnels and railroad, not under any special franchise, but by virtue of its ownership of either land or an easement therein. As was pointed out by Judge EARL in *Langdon* v. *Mayor, etc., of N. Y.* (93 N. Y. 129), there are two distinct rights in navigable waters — ownership of the soil under water analogous to the ownership of dry land, regarded as a *jus privatum* vested in the crown, and the right to use and control both land and water, regarded as a *jus publicum* and vested in Parliament — both of which rights in this country are vested in the state.''

The same principle was adopted by this court in *Waterford Elec. Light, Heat & Power Co.* v. *State of New York* (208 App. Div. 273, 284, affd. 239 N. Y. 629): '' The State, in its relation to the Hudson river, enjoys a double character. It is the proprietor of the lands under the waters of the river. It is, also, the representative of the public at large, in whom is vested the easement of passage along the stream. If it conveys the under water lands to an individual its act has the quality of an ordinary grant by a land proprietor. If, as the representative of the public, it releases the easement of passage, or if its grant of the land expressly or impliedly carries with it a right to defeat or diminish the public use, it exercises sovereign or governmental powers. (*People* v. *New York & S. I. F. Co.*, 68 N. Y. 71; *Smith* v. *City of Rochester*, 92 id. 463; *Langdon* v. *Mayor, etc.*, 93 id. 129.) ''

The orders appealed from should be affirmed with costs to the petitioner-respondent.

BERGAN, J. P., GIBSON and REYNOLDS, JJ., concur.

Orders appealed from affirmed, with costs to the petitioner-respondent.