■ BENNIE MOORE, Respondent, v. SUBURBAN FUEL OIL SERVICE, INC., Appellant, et al., Defendant.— In a negligence action to recover damages for personal injury, the defendant Suburban Fuel Oil Service, Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County, entered May 12, 1964 after trial upon a jury's verdict, as directed recovery by plaintiff against said defendant. Judgment, insofar as appealed from, reversed on the law and the facts, without costs; and complaint dismissed, without costs. The defendant Suburban Fuel Oil Service, Inc., was the lessee in possession and control of certain premises at which it maintained and operated fuel storage tanks. Plaintiff was an employee of an independent contractor which had been retained by Suburban to clean the fuel tanks. Plaintiff's duties consisted primarily of driving a trailer-truck which was used in the cleaning operation and in assisting in the actual cleaning of the tanks. On the day of the accident, the plaintiff drove his truck to Suburban's premises and parked it on the public sidewalk adjoining the premises, near a stairway which extended from the sidewalk to an elevated area upon which the fuel tanks were located. Several hours later, after the cleaning operation (which consisted primarily of extending and attaching a length of hose from the truck to the tanks for the purpose of cleaning the tanks) had been completed, the plaintiff, while engaged in loading the hose onto the truck, tripped over a metal "skid" which was lying on the public sidewalk near the truck. The skid was described as being 18 feet long and one and one-half to two feet wide. It is not disputed that the accident occurred on the sidewalk adjoining Suburban's premises. The complaint so alleged and plaintiff's counsel in his opening address to the jury conceded that "the area that we are concerned with in this case is officially mapped as a City sidewalk. In other words, it is actually part of the property that is owned by New York City." Moreover, the learned trial court charged that this was a sidewalk owned by the City of New York and controlled by it. Furthermore, since the record was devoid of any proof that the condition complained of had been created by Suburban or that it was in any way responsible for the presence of the "skid," although there was testimony that the "skid" had been in the same position for several months, the court charged, without exception, that Suburban, as the abutting owner (lessee in possession), was under no duty or obligation to remove the "skid" (cf. *Neiberg* v. *Remsenburg Realty Corp.,* 1 A D 2d 1043). The cases cited by the plaintiff (*Condon* v. *Arata,* 302 N. Y. 579; *Nickelsburg* v. *City of New York,* 263 App. Div. 625) are distinguishable and inapposite. In any event, the charge of the court, to which plaintiff took no exception, became the "law of the case" and binding upon the parties (*Brown* v. *Du Frey,* 1 N Y 2d 190, 195). The sole basis for the liability imposed upon Suburban, as charged by the trial court, to which portion of the charge Suburban excepted, lies in Suburban's alleged failure to furnish to plaintiff a safe place to work. In our

opinion, on the record in this case there is no basis for predicating liability upon a breach of the duty to furnish a safe place to work. To the workmen coming onto his premises to perform construction or repair work, an owner owes the duty by the exercise of reasonable care to render safe the places of work provided by him, together with the ways and approaches thereto (*Employers Mut. Liability Ins. Co.* v. *Di Cesare & Monaco Concrete Constr. Corp.*, 9 A D 2d 379). This was a common-law duty which has been codified by section 200 of the Labor Law. In this case there is no testimony that Suburban directed the plaintiff to park his truck at or near the place where the "skid" was lying; nor is there any testimony that Suburban selected this particular area as a parking place or otherwise provided that it be used by plaintiff or his fellow workers for such purpose. There is no evidence that any employee of Suburban was present to supervise or to direct the actual parking of the truck. Moreover, although the record indicates that on prior occasions this particular area had been used for parking by the plaintiff's co-workers, the photographic evidence demonstrates that the truck could have been safely parked several feet from the "skid" without affecting the work to be done. In other words, the place where plaintiff parked the truck was not the exclusive nor the only appropriate means by which access could be gained to Suburban's property for the purpose of cleaning the tanks. Under these circumstances, it is our opinion that there was no duty incumbent upon Suburban to make safe for workmen coming onto its property a public street over which it had neither custody or possession nor control, and as to which it committed no affirmative act rendering the street unsafe. It is our view that in this case the "safe place to work" doctrine cannot be invoked to enlarge Suburban's duties with respect to a public sidewalk, the control and maintenance of which were in the municipality. "In the striving after safety, owner or contractor is not required to go beyond the bounds of what is practicable and reasonable" (*Caspersen* v. *La Sala Bros.*, 253 N. Y. 491, 495). In view of the fact that recovery cannot be supported under any theory of law, the judgment must be reversed and the complaint dismissed. Beldock, P. J., Christ, Hill and Rabin, JJ., concur; Kleinfeld, J., dissents and votes to affirm the judgment, with the following memorandum: It was the duty of the defendant Suburban to maintain, in reasonably safe condition, ways or approaches necessary or suitable for access to the work being performed. Such duty was not limited to any particular ways or approaches; and breach of the duty should not be excused because there might have been other, safer ways or approaches available. "There is no geographical formula which can be used to delineate the 'place of work'" (*Godulas* v. *New York City Tr. Auth.*, 18 Misc 2d 831, 838, revd. on other grounds 12 A D 2d 61, affd. 10 N Y 2d 871). It is of no moment that the accident here occurred on a portion of the public sidewalk. This portion of the sidewalk was clearly a suitable means of access to the work, and it was Suburban's duty to keep it reasonably safe for the workmen. Under the circumstances here, Suburban was chargeable with notice of: (a) the visible physical conditions which rendered unsafe the area involved; and (b) the fact that it was being utilized by plaintiff for the doing of the work.