■ ARTHUR SEIGEL et al., Appellants, v. PRIMA CONCRETE CONSTRUCTION CORP. et al., Defendants; LONG ISLAND NATIONAL BANK OF HICKSVILLE, Respondent-Appellant, and ALPAT CONSTRUCTION CO., INC., et al., Respondents.— Judgment of the Supreme Court, Queens County, entered October 26, 1965, modified, on the law, by (1) striking out so much of its first decretal paragraph as dismissed the complaints as against defendant Long Island National Bank of Hicksville and so much of its second decretal paragraph as dismissed said defendant's cross complaints (deemed third-party complaints) against defendants Stanley Miller and Great Plains Shopping, Inc., and (2) severing plaintiff's cause against defendant Long Island National Bank of Hicksville and the latter's cross complaint insofar as it is against defendants Stanley Miller and Great Plains Shopping, Inc., and granting a new trial as to said severed cause and cross complaint, with costs to abide the event. As so modified, judgment affirmed, insofar as appealed from, without costs. No questions of fact have been considered. In this consolidated action to recover for injuries suffered when plaintiffs, employees of a general contractor, entered a bank vault in which an explosion occurred because of an alleged concentration therein of propane gas, plaintiffs' complaints were dismissed at the end of their case after testimony and an offer of proof had been given. In our opinion, a jury could have found that for approximately 16 hours between the late afternoon of November 20 and the early morning of November 21, 1956, the defendant Bank had possession and control of the bank building, construction of which had almost been completed. The jury could have further found that the Bank knew that portable heater units using propane gas had been located in the building for use by paint and tile contractors of the Bank and that one such unit had been placed in the bank vault, the door of which had been closed during this 16-hour period. Finally, the jury could have found that, contrary to an alleged custom and practice, the Bank failed to inspect the building's premises

during this 16-hour period to determine whether a dangerous condition had arisen from the use of the heaters, and that, had such an inspection been made, the closed vault door would have been opened and either the lit unit within would have been turned off or, the unit's light having been extinguished because of inadequate ventilation, the Bank would have discovered the gas-filled condition of the vault. The Bank had a nondelegable duty to provide plaintiffs with a safe place to work (Labor Law, § 200; *Olsen* v. *Chase Manhattan Bank*, 10 A D 2d 539, 543, affd. 9 N Y 2d 829) and an aspect of that duty was the detection of dangers discoverable by reasonable diligence (*Employers Mut. Liab. Ins. Co.* v. *Di Cesare & Monaco Concrete Constr. Corp.*, 9 A D 2d 379, 382). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.