■ RICHARD A. COPERTINO, Respondent, v ROBERT WARD, Appellant. — In an action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Orange County (Delaney, J.), dated February 15, 1983, which denied his motion for summary judgment dismissing the complaint pursuant to CPLR 3212. ¶ Order affirmed, with costs. ¶ Defendant and

his wife are the owners of a single-family residence at 26 Birchwood Drive in the Town of New Windsor, New York. To remedy a sewer backup problem, defendant orally contracted with A-1 Sewer Company to replace a section of collapsed pipe located in his feeder line, which connected defendant's house to the municipality's sewer main. The municipality's sewer main had been laid beneath the middle of Birchwood Avenue, a town highway. After the contractor obtained the requisite permit from the Town of New Windsor, workers from A-1 Sewer Company, including plaintiff, began to excavate a trench in order to dig up and replace the collapsed pipe. The trench began on defendant's lawn, a short distance from the curb, and extended to the center of Birchwood Avenue. The trench was approximately three feet wide and seven to eight feet deep. No shoring of any kind was used by the contractor to stabilize the walls of the trench. It is undisputed that defendant did not supervise, control, or assist, in any manner, regarding the excavation work. All labor, tools, and equipment were supplied by the contractor. While plaintiff was standing in the portion of the trench located on Birchwood Drive, approximately four to five feet from defendant's property line, the trench caved in and buried plaintiff up to his chest. To recover damages for personal injuries sustained in the accident, plaintiff commenced an action against defendant based upon violations of section 200 and subdivision 6 of section 241 of the Labor Law. Defendant moved to dismiss the complaint, pursuant to CPLR 3212, on the ground he is not an "owner" within the purview of either section because the accident occurred in an excavation on a public street and not on his property. Special Term correctly denied defendant's motion. ¶ Subdivision 6 of section 241 of the Labor Law, as it existed when this accident occurred (L 1969, ch 1108, § 3), provided: ¶ "All contractors and owners and their agents, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements * * * ¶ "6. All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The board may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their agents for such work shall comply therewith." ¶ The 1969 amendment to section 241 of the Labor Law imposed a nondelegable duty upon "owners" to provide reasonable and adequate protection and safety to persons employed in construction, excavation or demolition work, regardless of the absence of control, supervision or direction of the work (*Allen v Cloutier Constr. Corp.*, 44 NY2d 290). However, the section does not define the term "owners". An examination of the legislative history indicates that "[t]he 'owners' contemplated by the Legislature are those parties with a property interest who hire the general contractor to undertake the construction work on their behalf (see NY Legis Ann., 1969, pp 407-408)" (*Sweeting v Board of Coop. Educational Servs.*, 83 AD2d 103, 114, mot for lv to app den 56 NY2d 503). On the rare occasions when courts have been called upon to consider the meaning of "owners" under section 241 of the Labor Law the definition has not been limited to the titleholder. The term has been held to encompass a person who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his benefit (see *Buonassisi v Sears, Roebuck & Co.*, 43 AD2d 701, 702-703; *Siegel v Prima Concrete Constr. Corp.*, 27 AD2d 946; *Meyer v Eue Screen Gems Video Servs.*, NYLJ, Aug. 1, 1983, p 12, col 4 [lessee]; *Sweeting v Board of Coop. Educational Servs.*, *supra* [a prospective vendee, who was the equitable owner of the premises]). ¶ Pursuant to paragraph D of section 36-2 of the Code of the Town of New Windsor, pertaining to sewer regulations, the abutting property owner must incur the

entire expense of building and connecting the sewer line from his house to the sewer main in the public street and of removing any obstruction causing stoppage of sewer flow in said line that originates from or is caused by the property owner. Under these circumstances, the abutting property owner has an easement running through and under the street for his sewer connection (see *Colombe v City of Niagara Falls,* 162 Misc 594; see, generally, 2 Warren's Weed, NY Real Prop [4th ed], Easements, §§ 26.01-26.04). An easement is an *interest in land* created by grant or agreement, express or implied, which confers a right upon the holder thereof to some profit, benefit, dominion, enjoyment or lawful use out of or over the estate of another (see *Cesario v Chiapparine,* 21 AD2d 272; *Matter of Algonquin Gas Transmission Co. v Moore,* 2 Misc 2d 997, affd 6 AD2d 333; 2 Warren's Weed, NY Real Prop [4th ed], Easements, §§ 1:01, 1:03, 27:01). Consequently, the holder of an easement falls within the scope of the generic term "owner" (see 3A Warren's Weed, NY Real Prop [4th ed], Owner, § 1:02). ¶ Defendant, as an easement holder, had a property interest in the excavation site where plaintiff was injured. Furthermore, defendant contracted with plaintiff's employer, A-1 Sewer Company, to remove the obstruction causing the stoppage of sewer flow in his feeder line. He had the primary interest in completing the work since his property alone would receive the benefit. As a practical matter, defendant had the right to insist that proper safety practices were followed and it is the right to control the work that is significant, not the actual exercise or nonexercise of control (*Sweeting v Board of Coop. Educational Servs., supra*). Based on these facts, defendant is an owner within the contemplation of section 241 of the Labor Law. Said conclusion is in accord with our decision in *Celestine v City of New York* (86 AD2d 592). In *Celestine* we held that the titleholder was an "owner" under subdivision 6 of section 241 of the Labor Law even though the property upon which the injury occurred was subject to easements. In other words, both the owner of the fee and the grantees of the easement could be found liable, pursuant to section 241 of the Labor Law, as "owners" of the construction site. ¶ Doubtless the nondelegable duty imposed by section 241 upon the owner of a one-family dwelling is onerous (see *Haimes v New York Tel. Co.,* 46 NY2d 132). Regretfully, for defendant, the legislative amendment exempting owners of one- and two-family dwellings who contract for but do not direct or control the work did not go into effect until June 30, 1980, approximately 10 months after the accident in question. This amendment cannot be applied retroactively since at the time the injury occurred plaintiff had a vested right to the protection provided by the statute (cf. *Franz v Dregalla,* 94 AD2d 963). ¶ Next, we address the issue of ownership with respect to section 200 of the Labor Law. Section 200 is a codification of the common-law duty which the owner and the general contractor owed to workmen to exercise reasonable care to render safe the places of work provided by them, together with the ways and approaches thereto (see *Rusin v Jackson Hgts. Shopping Center,* 27 NY2d 103; *Lagzdins v United Welfare Fund,* 77 AD2d 585, 586; *Moore v Suburban Fuel Oil Serv.,* 22 AD2d 827). We find no compelling reason for adopting a different construction for the term "owner" than the interpretation already given section 241 of the Labor Law. However, the duty imposed on an owner pursuant to section 200 does not render an owner liable to a workman for any deficiency in the independent contractor's own plant, tools and methods of work (*Grant v Rochester Gas & Elec. Corp.,* 20 AD2d 48; *Olsommer v Walker & Sons,* 4 AD2d 424; see, generally, 3 NY Jur 2d, Agency, § 362). ¶ Lastly, we reject defendant's contention, asserted for the first time on appeal, that subdivision 6 of section 241 is inapplicable because the trench in question was not excavated in connection with a "building". The applicability of subdivision 6 of section 241 has not been restricted to buildings, in the narrow sense of that word (see

*Celestine v City of New York, supra*). This statutory provision has been applied to excavations in connection with the installation· of sewer lines (see *Tilkins v City of Niagara Falls,* 52 AD2d 306; *Page v State of New York,* 73 AD2d 479). Moreover, the fact the sewer line was merely being repaired rather than installed for the first time does not take this excavation out of the scope of subdivision 6. The term "construction" includes repairs and maintenance work on a structure (see 12 NYCRR 23-1.4; *DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70; *Keefner v City of Albany,* 77 AD2d 747). Here, the repairs involved the removal and installation of a portion of a sewer line attached to a building. An excavation in connection with such repairs is clearly within the purview of subdivision 6 of section 241 of the Labor Law. Mollen, P. J., Gibbons, Thompson and Rubin, JJ., concur.