■ John C. Maher et al., Appellants, v Atlas Transit Mix Corp. et al., Respondents. — In an action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County (Sullivan, J.), dated November 29, 1982, which, at the close of the evidence, granted each defendant's motion to dismiss plaintiff's complaint and dismissed all cross claims.

Judgment modified, on the law, by vacating the judgment granted in favor of defendants Atlas Transit Mix Corp., Donald F. Ryan and Margaret M. Ryan, reinstating and severing the action against said defendants, their cross claims against each other, and the Ryans' counterclaim, and new trial granted with respect to those defendants on the complaint, their cross claims against each other, and the Ryans' counterclaim. As so modified, judgment affirmed, with one bill of costs to plaintiffs and defendant Marquette Concrete Manufacturing Co., appearing separately and filing separate briefs.

Viewing the evidence in the light most favorable to plaintiffs, it cannot be said that no rational process existed by which the trier of facts could find in favor of plaintiffs as against defendants Atlas Transit Mix Corp. (Atlas), Donald F. Ryan and Margaret M. Ryan (see *Lipsius v White,* 91 AD2d 271, 276-277). Plaintiffs presented sufficient evidence to establish a duty on Atlas' part to warn against potentially dangerous propensities of the concrete delivered (see *Young v Elmira Tr. Mix,* 52 AD2d 202). The concrete delivered could be viewed as defective absent sufficient warnings. Plaintiffs thereby at least made out a case on a strict products liability theory (*Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 106-107). Whether Atlas, under the circumstances, met its duty to warn was disputed. Therefore, a question of fact existed to be resolved by the jury (*Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 64-65) and the dismissal with respect to Atlas was erroneous.

Similarly, plaintiffs adduced sufficient evidence at trial on common-law negligence and statutory theories (see Labor Law, § 200, subd 1; § 241, subd 6) of liability to withstand the motion to dismiss by the owners, Mr. and Mrs. Ryan. Further, Mr. Ryan, who hired plaintiffs to perform the concrete work, clearly had a duty to plaintiffs to exercise reasonable care to render the place of work safe (Labor Law, § 200; *Copertino v Ward,* 100 AD2d 565). Mr. Ryan may have been responsible for the manner

of dumping concrete into the work area by which concrete was purportedly splattered onto plaintiffs John Maher and Salvatore Lenza. Mr. Ryan also allegedly supplied some or all of the tools used during the job. Finally, he was concededly aware at some point that plaintiffs Maher and Lenza should have been wearing rubber boots. Under the circumstances, plaintiffs proffered sufficient evidence to support the Ryans' liability under common-law and statutory theories.

Parenthetically, we observe that the 1980 amendment to section 241 of the Labor Law exempting owners of one- and two-family dwellings who contract for but do not direct or control the work is inapplicable, inasmuch as the incident occurred prior to the effective date of the amendment (*Copertino v Ward, supra,* p 567). We further note that the term "building", as used in section 241 of the Labor Law is not to be construed in its narrowest sense (*Copertino v Ward, supra; Celestine v City of New York,* 86 AD2d 592, affd 59 NY2d 938; see, also, *Page v State of New York,* 73 AD2d 479, affd 56 NY2d 604; *Tilkins v City of Niagara Falls,* 52 AD2d 306) and the repaving work being done in the instant case would fall within the ambit of the statute.

Finally, no error was committed in dismissing the complaint against defendant Marquette Concrete Manufacturing Co. (Marquette). Indeed, plaintiffs expressly indicated they did not oppose Marquette's motion to dismiss the complaint insofar as it was asserted against it. Thus, the action and any cross claims against Marquette are not reinstated. Mangano, J. P., Thompson, O'Connor and Boyers, JJ., concur.