■ ELAINE F. JAROSZEWICZ, as Administratrix of the Estate of ALFRED K. JAROSZEWICZ, Deceased, Appellant, v FACILITIES DEVELOPMENT CORPORATION et al., Defendants, and C. F. MURPHY ASSOCIATES et al., Respondents, and COUNTY ELECTRIC COMPANY, INC., et al., Appellants. (And Two Third-Party Actions.)—Casey, J. Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered March 29, 1985 in Albany County, which granted the motion of defendants C. F. Murphy Associates and Lothrop Associates for summary judgment dismissing the complaint and all cross claims asserted against them.

Plaintiff seeks damages arising out of the death of her husband, a maintenance mechanic, who was electrocuted while trouble-shooting an electrical problem in the parking lot lighting system of the recently constructed Westchester County Medical Center, where the decedent was employed. A report, prepared by a consultant at the employer's request, indicates that the immediate cause of the accident was short-circuit connection between buried wires resulting from the mechanical distortion of the conduit carrying the wires. The report hypothesizes that the distortion of the conduit was caused by postinstallation excavation work. Plaintiff has sued various parties involved in the construction of the Medical Center, including defendants C. F. Murphy Associates and Lothrop Associates, the architects for the project. This appeal is concerned only with the liability of defendant architects.

Plaintiff does not allege that a design defect contributed to the accident. Rather, plaintiff apparently claims that the architects are liable under Labor Law § 241, as agents of the

owner, for breach of the duty to provide a safe place to work, and under a common-law theory of negligence for improper supervision of the construction work. We conclude that, based upon the pleadings and other papers in the record, Special Term properly granted summary judgment to defendant architects.

Labor Law § 241 applies to "[a]ll contractors and owners and their agents * * * when constructing or demolishing buildings or doing any excavating in connection therewith". The duty to provide "reasonable and adequate protection and safety", established by Labor Law § 241 (6), is owed to persons employed in or lawfully frequenting "[a]ll areas in which construction, excavation or demolition work *is being performed*" (emphasis supplied). While this statute "is to be liberally construed to protect workers engaged in hazardous occupations, it may not be so implemented by decisional law as to establish a cause of action and right of recovery not contemplated by the Legislature" *(Sprague v Louis Picciano, Inc.,* 100 AD2d 247, 250, *lv denied* 62 NY2d 605). The record establishes that decedent's accident occurred after construction had been completed and the certificate of acceptance had been issued by defendant Facilities Development Corporation (FDC). Since no construction, excavation or demolition work was being performed after the project had been completed, defendant architects cannot be liable under Labor Law § 241 (6) even assuming that they were agents of the owner within the meaning of the statute *(cf. Sprague v Louis Picciano, Inc., supra).*

Turning to the common-law negligence theory of liability, the record establishes that defendant architects contracted to provide "supervision and inspection" on the jobsite to ensure compliance with contract specifications and that they employed a clerk-of-the-works for this purpose. This contractual obligation was owed to and for the benefit of defendant FDC. The record further establishes that defendant architects had neither the duty nor the right to control the manner in which the construction was performed. Nor is there any proof that defendant architects engaged in any active malfeasance which caused or contributed to the accident. In these circumstances, an architect or engineer is not liable for injuries to third persons *(see, Hamill v Foster-Lipkins Corp.,* 41 AD2d 361; *Ramos v Shumavon,* 21 AD2d 4, *affd* 15 NY2d 610; *Welch v Grant Dev. Co.,* 120 Misc 2d 493; *Conti v Pettibone Cos.,* 111 Misc 2d 772).

Order affirmed, with costs. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.