■ ROBERT E. LEE, Respondent, v FISHER HOTELS INCORPORATED, Appellant, et al., Defendants. (And Two Third-Party Actions.)—In a negligence action to recover damages for personal injuries, the defendant Fisher Hotels Incorporated appeals from an order of the Supreme Court, Westchester County (Marbach, J.), entered February 13, 1986, which denied its motion for summary judgment dismissing the complaint as against it.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff was employed as a repairman by Universal Communications (hereinafter Universal), a company which installed and maintained private telephone systems. The defendant Fisher Hotels Incorporated (hereinafter Fisher) leased offices on the ground floor of the premises known as 4 East 79th Street in Manhattan. Fisher had some problems with its telephones and called Universal for service. On March 13, 1984, Universal sent the plaintiff to investigate Fisher's problem. Upon his arrival, the plaintiff checked the telephones in Fisher's office and discovered that the lines were crossed. In order to correct the problem, the plaintiff had to have access to the main telephone terminal. The record indicates that the

plaintiff was told by one of Fisher's employees that Fisher's main terminal was in the basement, and that Fisher's employee led the plaintiff to the entrance of a staircase commonly used by Fisher to reach maintenance personnel in the basement, and pointed the plaintiff toward the basement level. The record further indicates that while descending the staircase, the plaintiff slipped on a part thereof which Fisher knew had no handrail, fell to the floor and sustained a herniated disc.

On this record, the plaintiff demonstrated a viable cause of action under Labor Law § 200 (see, Copertino v Ward, 100 AD2d 565, 567; Moore v Suburban Fuel Oil Serv., 22 AD2d 827, affd 16 NY2d 647). Accordingly, the defendant Fisher's motion for summary judgment was properly denied. Mangano, J. P., Eiber, Kunzeman and Harwood, JJ., concur.