OPINION OF THE COURT
Irving Fudeman, J.
The plaintiff, James R. Gibson (Gibson), brings a motion *189 herein for partial summary judgment on the issue of liability only, based upon an alleged violation of section 240 of the Labor Law by the defendant, Worthington Division McGraw Edison Company (Worthington). Worthington and the third-party defendant, Edward M. Ziegler Co., Inc. (Ziegler), each brings a cross motion for summary judgment seeking to dismiss Gibson’s second cause of action based upon violations of sections 200, 240 and 241 of the Labor Law.
Worthington had sustained some damage to the roof of one of its plant buildings and wanted to have the same repaired. In accordance with its established procedure, it was required to have three different contractors submit repair estimates. Ziegler was one of the contractors Worthington contacted to submit an estimate. Worthington had been one of its customers on previous occasions. Ziegler sent its employee Gibson to the Worthington plant to estimate the damage to the roof. Gibson was an estimator and design engineer for Ziegler and Worthington was one of his accounts.
Gibson went to the Worthington premises on October 19, 1983. He was met there by Worthington’s maintenance supervisor. While the maintenance supervisor was showing Gibson the damaged roof, the roof gave way and both men fell some 20 feet to the floor below. As a result of the fall Gibson was injured and brings the above-entitled action to recover money damages for the injuries he allegedly sustained.
Based upon the facts presented to the court, it is clear that Gibson was not a mere volunteer as were the plaintiffs in Chabot v Baer (82 AD2d 928) and the cases cited therein. Worthington had decided to have its damaged roof repaired and for its own business reasons had as its established procedure a requirement that it obtain estimates for the repairs from three different contractors. Worthington selected Ziegler as one of the contractors that it wanted to submit a repair estimate. Ziegler had done work for Worthington on previous occasions. There was a definite benefit to Ziegler in being contacted by Worthington for an estimate even though it was not being paid for the same. At the time of the accident Gibson was on Worthington’s roof in furtherance of his employer’s purposes and business. He was assigned to work there by his employer. He was being paid by his employer to be there. He was not free to make an estimate or not to make an estimate as he might choose. He was subject to the direction and control of his employer.
*190 It is equally clear to the court that the activity engaged in by Gibson at the accident site was included within the specifically enumerated activities protected by section 240 (1) of the Labor Law. The estimating of the cost of repairs is the usual and customary first step in the repair of any building, which has sustained damage of any consequence. The making of the repair estimate is as much a part of the repair as would be the laying of a brick or the hammering of a nail and the estimator is entitled to the same protection from the hazards existing on a jobsite as the bricklayer and the carpenter.
Not only does the court find that section 240 of the Labor Law is applicable to Gibson and his activity, but the court also finds, as a matter of law, that section 240 was violated and such violation was a proximate cause of the accident sustained by Gibson. No safety device was furnished to Gibson to protect him while he was working from a height. Such a failure constitutes a violation of section 240 (1) of the Labor Law (Zimmer v Chemung County Performing Arts, 65 NY2d 513). Furthermore, there is no view of the allegations submitted on this motion which would support a finding that the absence of safety devices was not a proximate cause of the accident (see, Zimmer v Chemung County Performing Arts, supra). Therefore, Worthington, as owner of the premises where the accident occurred, is liable to the plaintiff.
The plaintiff’s motion for partial summary judgment on the issue of liability only based upon a violation of section 240 (1) of the Labor Law is granted. The cross motions of Worthington and Ziegler for summary judgment seeking to dismiss Gibson’s second cause of action based upon violations of sections 200, 240 and 241 of the Labor Law are denied.