■ KENNETH KARAKTIN, Appellant, v GORDON HILLSIDE CORP. et al., Respondents. (And a Third-Party Action.)—In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Winick, J.), dated March 16, 1987, as denied his motion for summary judgment and, upon granting the cross motion of the Gordon Hillside Corp., and upon searching the record, dismissed the first, second and third causes of action asserted in the complaint against all the defendants.

Ordered that the order is modified, on the law, by deleting the provision thereof which, upon searching the record, dismissed the plaintiff's third cause of action insofar as it is asserted against Quantum Laser Corp. and Brigade Distribu-

tors, Inc.; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

We agree that the Supreme Court properly dismissed the plaintiff's first and second causes of action based on Labor Law §§ 240 and 241, respectively. In order to come within the purview of Labor Law § 240 (1), it must be shown that the plaintiff was engaged in "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure". The plaintiff was employed by the third-party defendant Sy Luba, Inc. (hereinafter Luba), a heating contractor. The Luba firm was consulted by tenant defendant Quantum Laser Corp. with regard to possible repair or alteration of a portion of the heating system of a building in which defendant Brigade Distributors, Inc. was a subtenant. Prior to a possible contract to perform such repairs, the plaintiff visited the premises in order to render an estimate as to the cost of the repair work. The record sufficiently established that the plaintiff was engaged in measuring the heating ducts in order to prepare a layout for the building's heating system for an estimate of repairs. In *Manente v Ropost, Inc.* (136 AD2d 681), we stated that in view of the strict liability imposed by the statute, the statutory language must not be strained in order to encompass what the Legislature did not intend to include *(see also, Chabot v Baer,* 82 AD2d 928, *affd* 55 NY2d 844). Since the plaintiff was not involved in any of the activities described in Labor Law § 240 (1), he is not entitled to the protection of the statute *(but see, Gibson v Worthington Div.,* 140 Misc 2d 188).

Further, the plaintiff was not involved in construction, demolition or excavation of the building so as to come within the purview of Labor Law § 241 *(see, Allen v Cloutier Constr. Corp.,* 44 NY2d 290).

However, the plaintiff's third cause of action, based on Labor Law § 200, was improperly dismissed as against the defendant Quantum Laser Corp. and Brigade Distributors, Inc. It is settled that this section merely codifies the common-law duty of an owner or general contractor to provide a safe place of work *(Russin v Picciano & Son,* 54 NY2d 311; *Lee v Fisher Hotels,* 130 AD2d 628). An action based on Labor Law § 200 is premised on negligence *(Zalduondo v City of New York,* 141 AD2d 816; *Nagel v Metzger,* 103 AD2d 1). The plaintiff has raised triable issues of fact as to the negligence of the defendants Quantum Laser Corp. and Brigade Distributors, Inc., and the third cause of action against them should not have been dismissed *(Lee v Fisher Hotels, supra; Nagel v Metzger,*

*supra).* As to the owner, the defendant Gordon Hillside Corp., no liability may be imposed on it under Labor Law § 200 for failure to provide a safe workplace, since it had no authority to control the activity producing the injury *(Russin v Picciano & Son, supra; Allen v Cloutier Constr. Corp., supra).* Kunzeman, J. P., Weinstein, Eiber and Spatt, JJ., concur.