920 F.2d 164
 Curtis J. ADKINS and Randy Sue Adkins, Plaintiffs-Appellees,
Cross-Appellants,
v.
Anna V. TREZINS, Defendant/Third-Party Plaintiff-Appellant,
Cross-Appellee,
and
Arlo Industries, Inc., Defendant/Third-Party Plaintiff.
Anna V. TREZINS, Defendant/Third Party Plaintiff-Appellant,
Cross-Appellee,
v.
BEAR TREE SERVICE, INC., Third-Party Defendant-Appellant,
Cross-Appellee.
 Nos. 253, 314 and 315, Dockets 90-7418, 90-7420 and 90-7470.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 24, 1990.
Decided Dec. 3, 1990.
 
 1
 Brian A. Sauer, Mineola, N.Y. (Jonathan A. Dachs, Shayne, Dachs, Stanisci, Corker & Sauer, Mineola, N.Y., of counsel), for third-party defendant-appellant, cross-appellee Bear Tree Service, Inc.
 
 
 2
 John B. Amrod, Hicksville, N.Y., Joseph T. Adragna, Hicksville, N.Y., for plaintiffs-appellees, cross-appellants Curtis J. Adkins and Randy Sue Adkins.
 
 
 3
 Barry M. Sweeney, Sweeney & Calabrese, White Plains, N.Y., for defendant/third-party plaintiff-appellant, cross-appellee Anne V. Trezins.
 
 
 4
 Before MESKILL and ALTIMARI,* Circuit Judges, and METZNER, District Judge.**
 
 
 5
 METZNER, Senior District Judge.
 
 
 6
 Defendant Trezins and third-party defendant Bear Tree Service, Inc. (Bear Tree), appeal from a judgment entered in favor of plaintiffs Curtis J. Adkins and his wife Randy Sue Adkins, for $600,000 on their claim for personal injuries and loss of consortium based on a violation of section 241(6) of the Labor Law of the State of New York. Plaintiffs have cross-appealed from a grant of summary judgment to Trezins on their claim for damages based on section 240(1) of the Labor Law, and from the denial of their motion for summary judgment on that claim.
 
 
 7
 Jurisdiction in this case is founded on diversity of citizenship.
 
 Background
 
 8
 Trezins owned a small apartment house in the Village of Baxter Estates in Nassau County. As the result of a bad storm in the summer of 1985, a tree on her property was uprooted and rested on an adjacent tree. The Village notified Trezins that she would have to remove the tree, in default of which, the Village would remove it at her expense.
 
 
 9
 Trezins arranged with Bear Tree, a licensed professional arborist, to remove the tree. Adkins, an employee of Bear Tree, with some seven years of experience, was one of the men assigned to the job. The tree to be removed was resting in the crotch of a second tree about 20 feet above the ground, and its top branches were over a wall and adjacent sidewalk. The branches of the fallen tree had to be removed in order to remove the tree itself. Adkins attached his safety belt to the cable of a crane which lifted him up to do this job. In the course of his work he unhooked the safety belt to move to a better position to cut the upper portion of the tree and unfortunately fell and severely injured himself.
 
 
 10
 With the pleadings in final form after several amendments, the posture of the case involved claims under sections 200, 240(1) and 241(6) of the New York Labor Law against Trezins and her co-owner Ernst, and claims of product liability against the manufacturer of the crane. All three defendants sought indemnity from the third-party defendant Bear Tree. Defendant Ernst, a nonresident of the United States, was subsequently voluntarily dismissed by plaintiffs.
 
 
 11
 As a result of the disposition of motions before trial, the case proceeded to trial against Trezins on the sections 200 and 241(6) claims, against the crane manufacturer on product liability, and on the claims over against Bear Tree. The claim based on section 240(1) was disposed of by a grant of summary judgment to Trezins and Ernst.
 
 
 12
 At the commencement of trial Trezins and Bear Tree again asked for dismissal on the 241(6) claim as presenting a question of law, but the court refused to rule on the application until the close of the evidence. On the third day of the trial the court requested counsel to submit any additional authorities on the applicability of section 241(6) because it was having second thoughts on the prior ruling that the section was applicable to the case. At the close of the evidence the court reserved decision on the motion to dismiss the claim based on section 241(6).
 
 
 13
 Several hours were then devoted to a charging conference at which time plaintiffs submitted 62 special questions to be considered by the jury in this rather simple personal injury case.
 
 
 14
 A problem arose which resulted in answers to interrogatories which could be considered inconsistent. However, we need not review this point because we conclude that the claim based on section 241(6) must be dismissed as a matter of law.
 
 
 15
 After receipt of the jury's verdict, the court entered judgment in favor of the manufacturer of the crane. It requested further papers on the question of whether section 241(6) was applicable to the case.
 
 
 16
 The ultimate decision by the court below was to adhere to its prior position in denying defendants' motions for summary judgment holding that section 241(6) was applicable to the facts in this case.
 
 Discussion
 
 17
 (a) Section 241(6)
 
 
 18
 Section 241(6) of the Labor Law of the State of New York reads as follows:
 
 
 19
 All contractors and owners and their agents ... when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements:
 
 
 20
 * * * * * *
 
 
 21
 6. All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The board may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their agents for such work, except owners of one and two-family dwellings who contract for but do not direct or control the work, shall comply therewith.
 
 
 22
 This section imposes a nondelegable duty on the owners of property, and makes them responsible for damages to persons injured because of violations of the statute, irrespective of the owner's control of the work being done. Long v. Forest-Fehlhaber, 55 N.Y.2d 154, 159-60, 448 N.Y.S.2d 132, 134, 433 N.E.2d 115, 117 (1982).
 
 
 23
 The New York courts are split as to how liberally the statute should be construed and applied. The Appellate Division, 2d Department (Karaktin v. Garden Hillside Corp., 143 A.D.2d 637, 532 N.Y.S.2d 891 (1988)) would clearly hold that plaintiff in this case did not have a cause of action under section 241(6). The Third Department would reach a similar conclusion (Jaroszewicz v. Facilities Development Corp., 115 A.D.2d 159, 495 N.Y.S.2d 498 (1985)).
 
 
 24
 The Appellate Division, 4th Department has construed the statute more liberally. It does this by referring to the definitions of "construction," "demolition" and "excavation" in Industrial Code Rule No. 23, adopted by the New York Board of Standards and Appeals pursuant to its rule-making authority referred to in section 241(6). But even using this approach this Department has held that a violation of section 241(6) requires that the construction, demolition or excavation work being done must be related to a building or a structure. Malczewski v. Cannon Design, Inc., 125 A.D.2d 941, 510 N.Y.S.2d 339 (4th Dept.1986).
 
 
 25
 Both the plaintiff below and the court below understood this approach. However, the plaintiff argues that a dead tree is a structure.[1] We suppose that it could also be said that a dead human is a structure. The court below was correct in not accepting this argument.
 
 
 26
 The court below found that the work was being done to preserve the safety of the structures of a wall and an adjacent sidewalk that provided passage for pedestrians alongside the property. There is absolutely nothing in the record to show that this tree was in danger of breaking the wall or the sidewalk. It had to be removed because it might obstruct the passage of pedestrians. The language of the letter sent by the Village to the defendant Trezins requiring the removal of the tree reads as follows:
 
 
 27
 The Village recently removed a tree which fell from your property blocking the sidewalk on High Street. The contractor informed us that the tree fell because another larger tree on your land had fallen over and a branch from it knocked the smaller tree down. The large tree is presently leaning against another tree and if it is not removed this tree may also come down.
 
 
 28
 Clearly, the work being performed by plaintiff Curtis J. Adkins was not related to a building or a structure, and the claim based on violation of section 241(6) must be dismissed.
 
 
 29
 (b) Section 240(1)
 
 
 30
 Section 240(1) of the Labor Law of New York provides:
 
 
 31
 All contractors and owners ... in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.
 
 
 32
 As the court below properly pointed out, this section applies to "work performed with regard to a building or structure and not to any construction, etc., not entailing a building or structure."
 
 
 33
 In Caddy v. Interborough Rapid Transit Co., 195 N.Y. 415, 420, 88 N.E. 747 (1909), the New York Court of Appeals held that "the word 'structure' in its broadest sense includes any production or piece of work artificially built up or composed of parts joined together in some definite manner."
 
 
 34
 Plaintiffs argue that this definition of structure should not be relied on in 1990 "so as to limit the liberal intent of the legislature in enacting the current version of section 240(1)." The words of the current version of section 240(1) with which we are concerned are the same as existed in 1909 (Laws of 1897, p. 467, c. 415, section 18) when they were interpreted in the Caddy case.
 
 
 35
 Furthermore, there is no definition of "structure" in Rule 23-1.4, which contains 60 definitions applicable to persons employed in construction, demolition and excavation operations. We are of the opinion that the draftsmen of the industrial code must have been aware of the views of the highest court in the state when promulgating the rules, and therefore saw no need to define the word "structure."
 
 
 36
 The case of Dedario v. New York Telephone Company, App.Div., 557 N.Y.S.2d 794 (4th Dept.1990), heavily relied on by plaintiffs, is not in point. We agree that a utility pole from which the plaintiff fell, used jointly by the telephone company and a cable television company for their respective businesses, is "designed, constructed and placed in a manner to facilitate the intended use." Dedario at 796. Moreover, "[t]he [pole's] metal rung construction presume[d] that workers [would] climb to elevated heights." Id. Thus, the utility pole at issue in Dedario plainly satisfied the definition of structure in Caddy. The dead tree in this case is not a structure.
 
 
 37
 The orders granting defendants' motion for summary judgment and denying plaintiffs' cross motion for summary judgment are affirmed.
 
 
 
 *
 Judge Frank X. Altimari recused himself from participating in hearing the argument and deciding this appeal. Pursuant to this court's Rule Sec. 0.14 the appeal has accordingly been heard and decided by the remaining two judges of the panel, who constitute a quorum
 
 
 **
 The Honorable Charles M. Metzner of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 We have proceeded on the assumption that the tree was dead, although its condition is seriously disputed by the parties