■ CHARLES SCAPARO et al., Appellants-Respondents, v VILLAGE OF ILION et al., Defendants, HERKIMER COUNTY INDUSTRIAL

Development Agency, Respondent, and Our Lady Queen of Apostles Church of St. Mary of Mount Carmel/S.S. Peter and Paul, Respondent-Appellant. (Action No. 1.) Anthony Yero et al., Appellants-Respondents, v Village of Ilion et al., Defendants, Herkimer County Industrial Development Agency, Respondent, and Our Lady Queen of Apostles Church of St. Mary of Mount Carmel/S.S. Peter and Paul, Respondent-Appellant. (Action No. 2.) [883 NYS2d 677]—

Appeal and cross appeal from an amended order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered February 15, 2008 in personal injury actions. The amended order granted the motion of defendant Herkimer County Industrial Development Agency seeking summary judgment, denied the motion of defendant Our Lady Queen of Apostles Church of St. Mary of Mount Carmel/S.S. Peter and Paul seeking summary judgment, and denied the cross motion of plaintiffs seeking partial summary judgment.

It is hereby ordered that the amended order so appealed from is modified on the law by granting the motion of defendant Our Lady Queen of Apostles Church of St. Mary of Mount Carmel/S.S. Peter and Paul and dismissing the amended complaints in action Nos. 1 and 2 against that defendant and as modified the amended order is affirmed without costs.

Memorandum: The plaintiffs in action Nos. 1 and 2 commenced these Labor Law and common-law negligence actions seeking damages for injuries sustained by Charles Scaparo, a plaintiff in action No. 1, and Anthony Yero, a plaintiff in action No. 2 (collectively, plaintiff workers), when the trench in which they were installing a sewer lateral collapsed. At the time of the accident, plaintiff workers were employees of the Village of Frankfort (Village) and were installing the sewer lateral from the newly constructed cemetery chapel owned by Our Lady

Queen of Apostles Church of St. Mary of Mount Carmel/S.S. Peter and Paul (Church), a defendant in both actions, to the sewer main at a street intersection in the Village. The sewer lateral was installed on property that was owned by Herkimer County Industrial Development Agency (HCIDA), another defendant in both actions. The property owned by HCIDA was adjacent to the Church property and was within the 60-foot utility right-of-way that the Village had over the HCIDA property. In these consolidated appeals, the plaintiffs in both actions contend that Supreme Court erred in granting the motion of HCIDA seeking summary judgment dismissing the amended complaints against it, and the Church contends on its cross appeal that the court erred in denying its motion seeking summary judgment dismissing the amended complaints against it. Although we conclude that the court properly granted the motion of HCIDA, we further conclude that the court erred in denying the motion of the Church, and we therefore modify the amended order accordingly.

Addressing first the motion of HCIDA, we note at the outset that plaintiffs' contention that HCIDA failed to follow the best evidence rule to establish that the Village had a right-of-way over its property is raised for the first time on appeal and is therefore not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). We reject plaintiffs' further contention that HCIDA is an owner within the meaning of Labor Law § 241 (6). In cases imposing liability on an owner that does not contract for the work, there is "some nexus between the owner and the worker, whether by[, inter alia,] a . . . grant of an easement, or other property interest" (*Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 51 [2004]). Here, HCIDA established that it did not grant the Village an easement or other property interest and that plaintiff workers were on HCIDA's premises by reason of the arrangement between the Church and the Village to install the sewer lateral (*cf. Kerr v Rochester Gas & Elec. Corp.*, 113 AD2d 412, 416 [1985]). Plaintiffs failed to raise an issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Addressing next the motion of the Church, we note that the Church established that it was required to pay for the cost of the materials and that the Village supplied the labor and retained ownership of the sewer lateral. The court determined that the Church was an owner for purposes of Labor Law § 241 (6) because it contracted for and benefitted from the installation of the sewer lateral and that there was a triable issue of fact whether the Church was in a position to control the work

and to insist that proper safety practices were followed for the purposes of Labor Law § 200. That was error.

It is well established that, for purposes of the Labor Law, the term "owner" is not limited to the titleholder (*see generally Walp v ACTS Testing Labs, Inc./Div. of Bur. Veritas,* 28 AD3d 1104 [2006]; *Reisch v Amadori Constr. Co.,* 273 AD2d 855, 856 [2000]). "The term [owner] has been held to encompass a person who has an interest in the property and who fulfilled the role of owner by contracting to have the work performed for his benefit" (*Copertino v Ward,* 100 AD2d 565, 566 [1984]). Here, the work was performed for the benefit of the Church, but the Church did not have an interest in the HCIDA property. As we explained in *Sweeting v Board of Coop. Educ. Servs.* (83 AD2d 103, 114 [1981], *lv denied* 56 NY2d 503 [1982]), "[t]he 'owners' contemplated by the Legislature are those parties with a property interest who hire the general contractor to undertake the construction work on their behalf." The dissent relies on *Copertino,* in which the homeowner contracted to replace the sewer line that ran from his home to the main pipe in the street, and the plaintiff worker was injured in a portion of the trench located in the street. The Second Department concluded in *Copertino* that the homeowner was liable pursuant to the Labor Law not only because he had contracted for the sewer line to be installed on his property but also because as "the abutting property owner [he] has an easement running through and under the street for his sewer connection" (100 AD2d at 567). "An easement is an *interest in land* created by grant or agreement, express or implied, which confers a right upon the holder thereof to some . . . lawful use out of or over the estate of another" (*id.*). Here, however, the Church had no property interest in the HCIDA property over which the sewer line was placed, and thus it cannot be considered an owner for purposes of Labor Law § 240 (1) or § 241 (6) (*see generally Fisher v Coghlan,* 8 AD3d 974, 975-976 [2004], *lv dismissed* 3 NY3d 702 [2004]).

All concur except Green and Gorski, JJ., who dissent in part and vote to affirm in the following memorandum.

Green and Gorski, JJ. (dissenting in part). We respectfully dissent in part, and would affirm. We agree with the majority that Supreme Court properly granted the motion of Herkimer County Industrial Development Agency, a defendant in both actions, seeking summary judgment dismissing the amended complaints against it. Contrary to the majority, however, we conclude that the court also properly denied the motion of Our Lady Queen of Apostles Church of St. Mary of Mount Carmel/ S.S. Peter and Paul, another defendant in both actions (Church),

seeking summary judgment dismissing the amended complaints against it. Although it is undisputed that the Church did not hold title to the property where the accident occurred, "the meaning of 'owners' under section 241 (6) of the Labor Law . . . has not been limited to the titleholder[, and t]he term has been held to encompass a [party] who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for [its] benefit" (*Copertino v Ward*, 100 AD2d 565, 566 [1984]; *see Reisch v Amadori Constr. Co.*, 273 AD2d 855, 856 [2000]). The Church's own submissions raise triable issues of fact whether the Church may be considered an owner for purposes of Labor Law § 241 (6) liability. The Church contracted for and benefitted from the installation of the sewer lateral in question. In addition, the Church's architect designed the sewer lateral and directed the Village of Frankfort (Village) to install it within a specific time frame. Further, although the sewer lateral was installed within the utility right-of-way of the Village, the Church could have had the work performed by any licensed contractor; it was not necessary that the Village perform the work. Under those circumstances, we conclude at a minimum that there is a triable issue of fact whether the Church had an interest in the property where the accident occurred and fulfilled the role of owner (*see Copertino*, 100 AD2d at 566-567). We further conclude that the Church failed to meet its initial burden of establishing, for purposes of Labor Law § 200 liability, that it neither exercised supervisory control over the work nor had actual or constructive notice of the unsafe shoring that allegedly caused the accident (*see Higgins v 1790 Broadway Assoc.*, 261 AD2d 223, 225 [1999]). Finally, although in view of its decision the majority was not required to reach the issue whether the court properly denied plaintiffs' cross motion seeking partial summary judgment on liability under Labor Law §§ 200 and 241 (6), we conclude that the court properly denied plaintiffs' cross motion. Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.