■ CARLOS DA SILVA et al., Respondents, v CHEMICAL BUILDING SUPPLIES, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. CITY OF WHITE PLAINS, Appellant. MICELLI EXCAVATING CORPORATION, Third-Party Defendant-Appellant. —In an action to recover damages for personal injuries, the defendant City of White Plains appeals and the third-party defendant Micelli Excavating Corporation cross-appeals from an order of the Supreme Court, Westchester County (Delaney, J.), entered November 17, 1988, which denied their separate motions for summary judgment.

Ordered that the order is affirmed, with one bill of costs payable to the plaintiffs-respondents and the defendants and third-party plaintiffs appearing separately and filing separate briefs.

The defendant City of White Plains (hereinafter the City) contracted with the third-party defendant Micelli Excavating Corporation (hereinafter Micelli) to replace a water main that ran along Holland Avenue to the center of its intersection with North Broadway, where the Holland Avenue water main was connected to an existing water main. On September 15, 1986, at about 1:30 P.M., the plaintiff, an employee of Micelli, was working on the project at an excavation site located in the intersection of North Broadway and Holland Avenue. A vehicle owned by the defendant Chemical Building Supplies, Inc., and driven by the defendant Joseph Roach entered the work site and struck and injured the plaintiff.

The City concedes that it owns Holland Avenue, but argues that the County of Westchester owns North Broadway, where the accident took place. Thus, the City contends, it is not liable as an owner under Labor Law § 241 (6).

It is apparent that the City had an easement over that part of North Broadway that would allow it to maintain its water main. An easement is a property interest, and the holder of it can be regarded as an owner for the purposes of Labor Law

§ 241 (6) *(see, Copertino v Ward,* 100 AD2d 565, 567). Since the City had a property interest in the work site, and since it contracted with Micelli to replace the water main, it had the right to insist that proper safety practices were followed, which right forms the basis for its potential liability *(see, Copertino v Ward, supra,* at 567).

We have considered the appellants' remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Sullivan and Rosenblatt, JJ., concur.