■ MICHAEL SANZONE, Respondent-Appellant, v CITY OF ROME, Appellant-Respondent, and CLARENCE L. EVANS et al.,

Respondents. [739 NYS2d 794] —Appeals from an order of Supreme Court, Oneida County (Tenney, J.), entered January 11, 2001, which, inter alia, denied in part the motion of defendant City of Rome for summary judgment.

Now, upon reading and filing the stipulation withdrawing the appeal by plaintiff signed by the attorneys for the parties on January 15 and 17, 2002,

It is hereby ordered that the appeal by plaintiff be and the same hereby is unanimously dismissed upon stipulation and the order is modified on the law by granting that part of the motion of defendant City of Rome seeking summary judgment dismissing the Labor Law § 241 (6) claim against it and dismissing that claim against it and as modified the order is affirmed without costs.

Memorandum: Defendant City of Rome (City) contracted with plaintiff's employer for street reconstruction work throughout the City. Defendants Clarence L. Evans and Daniel J. Evans owned a small parking lot adjacent to one of the streets in the City and leased that property to plaintiff's employer for $100 for the storage of a construction trailer and construction materials. An overturned five-gallon bucket was used as a step to enter and exit the trailer. Plaintiff was injured when he slipped and fell as he stepped onto the bucket to enter the trailer.

Supreme Court erred in denying that part of the motion of the City seeking summary judgment dismissing the Labor Law § 241 (6) claim against it. Labor Law § 241 (6) imposes "a non-delegable duty upon owners and general contractors to provide reasonable and adequate protection and safety to persons employed in construction, excavation or demolition work, regardless of the absence of control, supervision or direction of the work" (*Celestine v City of New York*, 86 AD2d 592, 593, *affd* 59 NY2d 938; *see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 559-560). In this case, the City was the owner of the construction site, but was not the owner of the property where plaintiff was injured.

The court properly denied that part of the motion of the City seeking summary judgment dismissing the Labor Law § 200 and common-law negligence claims and cross claims against it. The City failed to establish that it did not exercise any supervisory control over the operation (*see, Lombardi v Stout*, 80 NY2d 290, 295).

We modify the order, therefore, by granting that part of the motion of the City seeking summary judgment dismissing the Labor Law § 241 (6) claim against it and dismissing that claim

against it. Present—Hayes, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.