(April 11, 2002)

■ ERIC KANE, Appellant, v PETER COUNDOROUS et al., Respondents. 229 COLUMBUS AVENUE ASSOCIATES et al., Third-Party Plaintiffs, v RNA AIR CONDITIONING SERVICE CORP., Third-Party Defendant-Respondent. [739 NYS2d 711] —Judgment, Supreme Court, Bronx County (Alan Saks, J.), entered May 12, 2000, which, to the extent appealed from as limited by the briefs, dismissed the complaint against defendants Peter Coundorous and P.C.S.B. prior to trial and against defendants 229 Columbus Avenue Associates and Buchbinder & Warren following trial upon a jury verdict, unanimously reversed, on the law, without costs, the complaint reinstated to the extent it asserts causes of action for liability under Labor Law § 241 (6) against defendants Peter Coundorous, P.C.S.B., Inc., 229 Columbus Avenue Associates and Buchbinder & Warren; the cross claim of 229 Columbus Avenue Associates and Buchbinder & Warren against Peter Coundorous and P.C.S.B. reinstated; and the matter remanded for a new trial on the reinstated claims and cross claims.[1]

Defendants Peter Coundorous and P.C.S.B., Inc. (collectively referred to as Coundorous) leased space on the ground floor of a building located at 229 Columbus Avenue in Manhattan for the purpose of establishing a restaurant on the premises. The building was owned by defendant 229 Columbus Avenue Associates (Associates) and managed by defendant Buchbinder & Warren (Buchbinder). Coundorous hired defendant Castle Cabinet Construction Corporation (Castle) to renovate the leased space for use as a restaurant. Castle, in turn, hired plaintiff's employer, third-party defendant RNA Air Conditioning Service Corp. (RNA) to install the restaurant's heating, ventilation and air conditioning (HVAC) system.

The ventilation work included the installation of an exhaust blower on the roof of the five-story building. The building had no elevator, and the exhaust blower had to be transported up five flights of stairs that were not within or accessible from the restaurant space included in the Coundorous leasehold. According to evidence presented at the trial, on December 12, 1989, plaintiff and a coworker were ordered by their RNA supervisor to transport a section of the exhaust blower, which weighed approximately 200 to 300 pounds, up the five flights of stairs to the roof. According to the plaintiff's testimony, the steps were wet and, as they were lugging the blower up the

<hr>

1. Our decision is limited to issues involving Labor Law § 241 (6), which are the only questions addressed in the parties' memoranda to this Court.

flight of stairs between the second and third floors, his foot slipped and he fell on his back.

Plaintiff commenced this action against defendants alleging, inter alia, common-law negligence and violations of Labor Law §§ 200, 240, and 241 (6) and various provisions of the New York State Industrial Code. Defendants asserted cross claims against one another, seeking indemnification, and RNA was impleaded as a third-party defendant. Prior to trial, a judgment by default was entered against Castle. A jury trial commenced September 9, 1997.

Following plaintiff's opening statement, the court dismissed the complaint against the Coundorous defendants, finding that they could not be considered an "owner" or other responsible party under Labor Law § 241 (6) because the accident did not occur within the premises leased by those defendants. The court also dismissed the defendants' cross claims for indemnity over the objection of Associates and Buchbinder. In addition, plaintiff's common-law negligence and Labor Law §§ 200 and 240 claims were dismissed before the case was submitted to the jury. The jury returned a verdict in favor of Associates and Buchbinder, specifically finding that there was no "negligence on the part of the defendant[s] which was a substantial factor in causing the plaintiff's injuries."

Plaintiff asserts two major bases for his appeal, both of which pertain to Labor Law § 241 (6). First, plaintiff argues that the trial court erred in dismissing the complaint against the Coundorous defendants. Second, plaintiff contends that the trial court erroneously instructed the jury that the building owner and managing agent, Associates and Buchbinder, could only be liable under Labor Law § 241 (6) if they were shown to have been negligent. We agree with both of plaintiff's contentions.

Labor Law § 241 (6) imposes a nondelegable duty upon building owners and their agents "to provide reasonable and adequate protection and safety" to persons employed in or lawfully frequenting "[a]ll areas in which construction, excavation or demolition work is being performed." (Id. [emphasis added]; Rizzuto v Wenger Contr. Co., 91 NY2d 343, 348.) The history of section 241 "clearly manifests the legislative intent to place the 'ultimate responsibility' for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor.'" (Id., quoting 1969 NY Legis Ann, at 407-408 [emphasis in original].)

The liability for injuries resulting from a violation of Labor Law § 241 (6) is "absolute" (Allen v Cloutier Constr. Corp., 44 NY2d 290, 300, rearg denied 45 NY2d 776). In addition, prop-

erty owners and their agents are vicariously liable under section 241 (6) for injuries sustained by construction workers due to the negligence of a subcontractor in failing to maintain the worksite in reasonably safe condition, even when the owner exercises no direct supervisory control over the subcontractor (*id.*; *see also Rizzuto*, 91 NY2d at 348-349).

A lessee of property under construction is deemed to be an "owner" for purposes of liability under article 10 of New York's Labor Law (*see, e.g., Glielmi v Toys "R" Us*, 62 NY2d 664; *Bart v Universal Pictures*, 277 AD2d 4, 5; *Tate v Clancy-Cullen Stor. Co.*, 171 AD2d 292, 295; *Copertino v Ward*, 100 AD2d 565, 566). As the Court in *Copertino* explained, the term "owners" within the meaning of section 241 of the Labor Law is not "limited to the titleholder * * * [It] encompass[es] a person who has an interest in the property and who fulfill[s] the role of owner by contracting to have work performed for his benefit." (*Id.*) There is thus no question that the Coundorous defendants cannot escape liability under section 241 (6) simply because they are lessees rather than titleholders of the building in question.

The Coundorous defendants argue, however, that they cannot be liable under Labor Law § 241 (6) because the accident giving rise to plaintiff's injuries occurred in an area that was not encompassed by their lease and over which, they contend, they had no control. However, section 241 (6) imposes a nondelegable duty on owners (including lessees) to ensure that "[a]*ll* areas in which construction * * * work is being performed * * *" are maintained in a safe condition. (Emphasis added.) The areas that must be kept in a safe condition include not only the actual construction sites but the passageways the workers must travel through to get to and from those areas (*see, Mazzu v Benderson Dev. Co.*, 224 AD2d 1009; *Brogan v International Bus. Machs. Corp.*, 157 AD2d 76). The Coundorous defendants contracted for the construction work in question, and the exhaust blower was being installed solely for their benefit. The only way to get the exhaust blower to the roof top was up the stairs on which the accident happened. The Coundorous defendants are subject to liability under section 241 (6) whether they are viewed as the holders of an implied easement to use the stairs for the purpose of installing the blower (*see, e.g., Copertino*, 100 AD2d at 566-567; *Da Silva v Chemical Bldg. Supplies*, 151 AD2d 717), or because, as the party who contracted with the general contractor for the work in question, they had the *right* to control the work (*see, Frierson v Concourse Plaza Assoc.*, 189 AD2d 609). The trial court

thus erred in dismissing the complaint against the Coundorous defendants.

The trial court also erred when it instructed the jury that plaintiff was required to prove that Associates and Buchbinder—the building's owner and managing agent, respectively—were negligent in their own right in order to hold those defendants liable for plaintiff's injuries.[2] As previously noted, a building owner and its agents are *vicariously* liable under Labor Law § 241 (6) for the negligent failure of a contractor or subcontractor to maintain the construction site in reasonably safe condition where that failure was a proximate cause of a plaintiff's injury. However, the court's charge to the jury was riddled with instructions that the owner/managing agent defendants could be liable under section 241 (6) only if they were shown to have been negligent.

For example, the court followed its instructions on general principles of common-law negligence by charging the jury that "first you have to consider whether it has been proved to your satisfaction that the defendant owner/managing agent was negligent * * * [a]nd second * * * that such negligence was a proximate cause of the accident." In describing plaintiff's Labor Law § 241 (6) claim, the court mistakenly told the jury, "the plaintiff claims that defendant owner/managing agent was negligent in causing his injuries," although plaintiff's claim was that Associates and Buchbinder were vicariously liable for injuries caused by the negligence of plaintiff's employer, third-party defendant RNA. Instead of charging the jury that it must decide if Associates and Buchbinder were liable for plaintiff's injuries because of RNA's failure to use reasonable care, as the Pattern Jury Instructions provide, the court instructed the jury that it was to decide "whether the defendant owner/managing agent is liable to the plaintiff because of [a] failure to use reasonable care." In addition to the foregoing examples, the first question in the verdict sheet, which the jury answered in the negative, read: "[w]as there negligence on the part of the defendant building owner/managing agent that was a substantial factor in causing plaintiff to be injured?"

The trial court's instructions combined with the verdict sheet

---

**2.** Defendants' argument that plaintiff did not object to the court's charge to the jury is without merit. The record is replete with plaintiff's counsel's insistence during the charge conference that since Labor Law § 241 (6) imposes vicarious liability on the owner, the jury need not find that the owner was negligent. In addition, counsel for the building owner and managing agent repeatedly made the same objection. The record amply demonstrates that the trial court was fully apprised of plaintiff's objections, which is what is required (*Delaney v Philhern Realty Holding Corp.*, 280 NY 461, 467-468).

could only result in the jury concluding that plaintiff had to prove that the defendant owner and agent were negligent and that their negligence was the proximate cause of plaintiff's injury. As previously discussed, that is not the law. To require "direct negligent acts or omissions" by the owner, as the court's charge and the verdict sheet in this case did, had the effect of eliminating the underlying basis of vicarious liability imposed by Labor Law § 241 (6) and replicating much of what other sections of the Labor Law have been interpreted to require. (*See Rizzuto*, 91 NY2d at 350.)[3]

In light of the foregoing, it is plain that the plaintiff is entitled to a new trial against the Coundorous defendants, Associates and Buchbinder on his Labor Law § 241 (6) claims.

We decline to review the contention of Associates and Buchbinder that they are entitled to common-law indemnification as a matter of law against defendant RNA. The IAS court did not rule on their motion for indemnification, and there is no judgment or order on this issue (CPLR 5512 [a]). In addition, RNA's brief did not discuss this issue, since it was filed before that of Associates and Buchbinder. Concur—Williams, P.J., Mazzarelli, Buckley, Rosenberger and Rubin, JJ.

---

**3.** Contrary to defendants' contentions, the court's failure to properly charge the jury was not harmless. Vicarious liability was indispensable to plaintiff's claim against Associates and Buchbinder, since plaintiff did not allege any negligence on their part.