■ BENJAMIN ZELLER et al., Appellants, v ANNE R. COPPS et al., Respondents. [741 NYS2d 343] —Rose, J. Appeal from an order of the Supreme Court (Williams, J.), entered February 28, 2001 in Saratoga County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

In March 1991, plaintiffs consulted defendants for legal

advice before beginning an "auto brokerage" business in which they planned to arrange subleases between persons who could not make payments on their automobile loans or leases and others who could not secure financing to purchase an automobile. Already aware that subleasing would trigger "due on sale" clauses in the sublessors' loan and lease agreements, plaintiffs asked defendant Anne Reynolds Copps to ascertain the legality of their business. After researching the issue and finding no statutory or case law prohibition, Copps prepared a certificate of incorporation and plaintiffs began doing business in April 1991. The Attorney General subsequently issued a subpoena for plaintiffs' business records and characterized plaintiffs' business as illegal and fraudulent. To avoid punitive action, they ceased operations on April 1, 1992. Plaintiffs then commenced this legal malpractice action. Following joinder of issue, Supreme Court granted defendants' summary judgment motion and dismissed the complaint. Plaintiffs now appeal.

"To sustain a cause of action for legal malpractice, * * * a party must show that an attorney failed to exercise the reasonable skill and knowledge commonly possessed by a member of the legal profession * * *" (*Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303-304 [citations omitted]). Here defendants met their initial burden on their summary judgment motion by demonstrating that plaintiffs' business was not prohibited by any statute or case law when Copps rendered her opinion (*see, Ippolito v McCormack, Damiani, Lowe & Mellon*, 265 AD2d 303).* This shifted the burden to plaintiffs to "demonstrat[e] the existence of a factual issue requiring a trial of the action" (*Wilkerson v Buonomo & Thaler*, 199 AD2d 260, 260, *lv denied* 84 NY2d 988). To meet this burden in a legal malpractice action, a plaintiff generally must present expert opinion evidence on the attorney's duty of care (*see, e.g., Thaler & Thaler v Gupta*, 208 AD2d 1130, 1132; *Brown v Samalin & Bock*, 168 AD2d 531, 532; *compare, Shapiro v Butler*, 273 AD2d 657, 658).

In opposing defendants' motion, plaintiffs concede the absence of a statutory or case law prohibition and they offer no expert affidavit delineating the appropriate "standard of professional care and skill" to which defendants were required to adhere under the circumstances present here (*Greene v Payne, Wood & Littlejohn*, 197 AD2d 664, 666). Instead, plaintiffs' opposition papers "consist[ ] * * * entirely of conclusory state-

---

* General Business Law article 39-D, enacted in 1997, now effectively prohibits "auto equity" businesses that arrange subleases without first obtaining the consent of the original lessor or financing agency.

ments or unsubstantiated allegations regarding legal malpractice * * * which [do] not constitute sufficient proof to defeat the motion for summary judgment" (*Wilkerson v Buonomo & Thaler, supra* at 260-261).

In light of this determination, the parties' remaining contentions need not be considered.

Cardona, P.J., Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.