■ CLARENCE F. RIORDAN, Appellant, v BOCES OF ROCHESTER, Respondent. [772 NYS2d 428]—

Appeal from an order of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered August 6, 2002. The order granted defendant's motion to dismiss the complaint and denied plaintiff's cross motion for discovery in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, the complaint is reinstated, and the cross motion is granted.

Memorandum: Supreme Court erred in granting defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) and in denying plaintiff's cross motion for discovery. Plaintiff commenced this action to recover damages for injuries he sustained while working on a construction project at the Lois E. Bird School, which is leased in part by defendant from the East Rochester Union Free School District (District). The complaint asserts causes of action for common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6).

Although the documentary evidence submitted on the motion conclusively establishes that defendant was a lessee, rather than the owner, of the premises, it does not "conclusively establish[ ] a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). The project was undertaken by the District for defendant's benefit. Even if, as defendant contends, it did not hire the general contractor, it may bear responsibility under the Labor Law for plaintiff's injuries if it "had the right or authority to control the work site" (*Bart v Universal Pictures*, 277 AD2d 4, 5 [2000]). Furthermore, defendant may bear responsibility under Labor Law § 200 and for common-law negligence if it had "actual or constructive notice of the allegedly dangerous condition on the premises which caused the . . . plaintiff's injuries, regardless of whether [it] supervised [plaintiff's] work" (*Abayev v Jaypson Jewelry Mfg. Corp.*, 2 AD3d 548, 549 [2003]). Nothing in the lease agreement, architect's agreement or the other documentary evidence submitted by defendant conclusively establishes that defendant had neither the right nor the authority to control the work site; nor does that documentary evidence conclusively establish that

defendant did not have actual or constructive notice of the alleged dangerous condition. We note in particular that defendant failed to support its motion with the complete contract between plaintiff's employer and the District. Furthermore, the affidavits submitted by defendant on the motion do not "conclusively establish that [plaintiff] has no cause of action" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976]). We therefore deny defendant's motion and grant plaintiff's cross motion. Present—Green, J.P., Pine, Wisner, Gorski and Lawton, JJ.