THOMAS C. WALP et al., Respondents, v ACTS TESTING LABS, INC./DIVISION OF BUREAU VERITAS, et al., Appellants. ACTS TESTING LABS, INC./DIVISION OF BUREAU VERITAS, Third-Party Respondent, v NORTHPOINTE ASSOCIATES BUILDING #2, LLC, C/O ZAEPFEL DEVELOPMENT COMPANY, INC., Third-Party Defendant-Appellant. [817 NYS2d 458]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered June 28, 2005 in a personal injury action. The order, inter alia, denied the motion of third-party defendant for summary judgment dismissing the complaint and third-party complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Thomas C. Walp (plaintiff) when he fell from a ladder while repairing an exhaust fan in a newly constructed building leased by defendant and third-party plaintiff, ACTS Testing Labs, Inc./Division of Bureau Veritas (ACTS), from third-party defendant, Northpointe Associates Building #2, LLC (Northpointe). Supreme Court properly denied the cross motion of defendants seeking summary judgment dismissing the complaint and the motion of Northpointe seeking summary judgment dismissing the complaint and third-party complaint. The court also properly granted plaintiffs' cross motion seeking a determination that ACTS is an owner for purposes of liability pursuant to Labor Law § 240 (1) and § 241 (6). "The term 'owner' as used in those sections is not limited to titleholders, but also encompasses one who 'has an

interest in the property,' such as a lessee . . . , who contracted for or otherwise has the right to control the work" (*Fisher v Coghlan*, 8 AD3d 974, 975-976 [2004], *lv dismissed* 3 NY3d 702 [2004], quoting *Copertino v Ward*, 100 AD2d 565, 566 [1984]; *see Kane v Coundorous*, 293 AD2d 309, 311 [2002]). The record establishes that ACTS is an owner within the meaning of those Labor Law sections by virtue of the fact that it contracted with Northpointe for the construction of the building for the exclusive use and benefit of ACTS (*see Kane*, 293 AD2d at 311; *see generally Riordan v BOCES of Rochester*, 4 AD3d 869, 870 [2004]; *Sweeting v Board of Coop. Educ. Servs.*, 83 AD2d 103, 113-114 [1981], *lv denied* 56 NY2d 503 [1982]) and, in addition, plaintiff's work was conducted at the direction of ACTS in an area under its control (*see Zaher v Shopwell, Inc.*, 18 AD3d 339 [2005]; *Riordan*, 4 AD3d at 870). Present—Scudder, J.P., Kehoe, Martoche, Green and Hayes, JJ.