■ TODD R. ZENDER et al., Appellants, v MADISON-ONEIDA COUNTY BOCES et al., Respondents. [850 NYS2d 302]—

Appeal from an order of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered July 21, 2006 in a personal injury action. The order denied plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and granted defendants' cross motion for summary judgment dismissing the common- law negligence and Labor Law § 200 causes of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion and by denying the cross motion in part and reinstating the common-law negligence and Labor Law § 200 causes of action against defendant Northland Associates, Inc. and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Todd R. Zender (plaintiff) while he was working as a steel erector on an iron beam approximately 10 to 12 feet above the ground. The ladder that plaintiff used to climb onto the beam was not in place when he was ready to descend from the beam. Plaintiff therefore attempted to slide down a vertical support column but, as he approached the column, his foot slipped and he fell to the ground, injuring his knee.

Supreme Court erred in denying plaintiffs' motion for partial summary judgment on the Labor Law § 240 (1) cause of action, and we therefore modify the order accordingly. Plaintiffs met their burden by establishing that plaintiff was injured by a fall from an elevated work site and that the absence of a safety device was the proximate cause of his injuries (*see Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]; *Baum v Ciminelli-Cowper Co.*, 300 AD2d 1028, 1029 [2002]). Here, the ladder that was made available to plaintiff to ascend the beam was removed, leaving plaintiff no choice but to attempt an alternate method of descending from the beam (*cf. Montgomery v Federal Express Corp.*, 4 NY3d 805 [2005]).

We further conclude that the court properly granted those

parts of defendants' cross motion seeking partial summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action against defendants Madison-Oneida County BOCES, Turner Construction Company, and Delhi Steel Corporation. The record establishes that those three defendants did not supervise, direct or control plaintiff's work, nor did they have actual or constructive notice of the dangerous condition (*see Riordan v BOCES of Rochester*, 4 AD3d 869, 870 [2004]; *see also Lombardi v Stout*, 80 NY2d 290, 295 [1992]). We conclude, however, that the court erred in granting that part of the cross motion seeking partial summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action against defendant Northland Associates, Inc. (Northland), and we therefore further modify the order accordingly. The record contains evidence that Northland directed plaintiff's work, had a representative at the work site on a daily basis, and had received specific notice from plaintiff about the poor condition of the work area. Thus, there is an issue of fact with respect to Northland's liability under the common-law negligence and Labor Law § 200 causes of action (*see Riordan*, 4 AD3d at 870-871). Present—Gorski, J.P., Martoche, Smith, Peradotto and Green, JJ.