■ MITCHELL PHILLIPS et al., Respondents, v MORAN & KUFTA, P.C., et al., Appellants, et al., Defendant. [862 NYS2d 875]—

Appeal from an order of the Supreme Court, Monroe County (Thomas M. Van Strydonck, J.), entered March 20, 2007 in a legal malpractice action. The order, insofar as appealed from, denied the motion of defendants Moran & Kufta, P.C., Joseph J. Moran, Esq., and Richard J. Kufta, Esq. for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this legal malpractice action seeking damages arising from defendants' representation of plaintiffs in an underlying action. In that action, plaintiffs sought to recover damages for injuries sustained by plaintiff Mitchell Phillips when he fell while attempting to exit a manlift at a construction project at the Rochester Greater International Airport. According to plaintiffs, defendants were negligent, inter alia, in failing to commence the action against Monroe County (County), the owner of the construction site, and in failing to make an application for leave to serve a late notice of claim against the County pursuant to General Municipal Law § 50-e (5). Supreme Court properly denied the motion of Moran & Kufta, P.C., Joseph J. Moran, Esq., and Richard J. Kufta, Esq. (collectively, defendants) for summary judgment dismissing the complaint against them. "To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove (1) that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of

the legal community, (2) proximate cause, (3) damages, and (4) that the plaintiff would have been successful in the underlying action had the attorney exercised due care" (*Ippolito v McCormack, Damiani, Lowe & Mellon*, 265 AD2d 303 [1999]). In support of their motion, defendants had the burden of establishing that plaintiffs are unable to prove at least one of those essential elements (*see id.*). Here, defendants failed to meet that burden inasmuch as, by their own submissions, they raised triable issues of fact "whether discretionary leave to file a late notice of claim against [the County] would have been available" (*Davis v Isaacson, Robustelli, Fox, Fine, Greco & Fogelgaren*, 284 AD2d 104, 105 [2001], *lv denied* 97 NY2d 613 [2002], *appeal dismissed* 97 NY2d 637 [2001]), and whether plaintiffs have a meritorious Labor Law § 240 (1) claim based on the County's failure to provide a safe means by which to exit the manlift (*see generally Zender v Madison-Oneida County BOCES*, 46 AD3d 1361, 1362 [2007]). Present—Scudder, P.J., Hurlbutt, Smith, Green and Gorski, JJ.