■ MICHAEL LAROSAE, Respondent, v AMERICAN PUMPING, INC., Defendant, and CHARLES NORMAN, Appellant. (And a Third-Party Action.) [902 NYS2d 202]—

Garry, J. Appeal from an order of the Supreme Court (Cahill, J.), entered November 4, 2009 in Ulster County, which, among other things, denied defendant Charles Norman's motion for summary judgment dismissing the complaint against him.

This action arose when plaintiff, an employee of third-party defendant, Windsor Machinery Company, fell about 30 feet into a ravine during the repair and reconstruction of a retaining wall. The wall runs along the bank of the ravine and, for part of its length, along the boundary line between Windsor's property in the Village of Wappingers Falls, Dutchess County and a parcel of commercial and residential property owned by defendant Charles Norman. It provides lateral support to Norman's property and supports an aqueduct that serves Windsor's hydroelectric plant. In June 2007, concerned about the wall's deteriorating condition, Norman and Windsor's president executed a written agreement by which Windsor assumed responsibility for supervising and implementing repairs to the wall, and Norman granted access through his property to the work site and made a payment of $30,000 for "his half of the repair of the retaining wall."

At the time of the accident, plaintiff was part of a work crew reconstructing the wall by filling structural forms with concrete. He was near the top of the wall, standing either on the bracing of the wooden forms or on Windsor's aqueduct.[1] No safety harnesses or other devices to prevent falls were in use. Plaintiff was guiding a hose as it discharged concrete into the forms. The flow of concrete stopped briefly and then abruptly resumed, causing the pipe to lurch and knock plaintiff into the ravine.

Plaintiff commenced this action against Norman and defendant American Plumbing, Inc., alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Norman asserted claims of negligence and breach of contract and sought indemnification in a third-party claim against Windsor. Thereafter, Windsor moved for summary judgment dismissing the third-party complaint and all cross claims, Norman moved for summary judgment dismissing plaintiff's complaint and all cross claims against him, and plaintiff cross-moved for summary judgment on his Labor Law § 240 (1) claim against Nor-

---

1. As a result of his injuries, plaintiff's recollection of the accident is limited.

man. As is relevant here, Supreme Court denied Norman's motion and granted plaintiff's cross motion. Norman now appeals.

Norman contends that he cannot be held liable for plaintiff's injuries because the accident did not occur on his property. He submitted a survey of his property showing that, in the area of the accident, the boundary line between his and Windsor's properties runs along the outer edge of the top face of the retaining wall. The wall slopes toward the ravine in its lower areas and, thus, the upper part of the wall is located on Norman's property, while its base and the aqueduct are located on Windsor's property. Supported by a surveyor's affidavit, Norman argues that the concrete forms, bracing, and aqueduct supporting plaintiff as he worked were on Windsor's side of the line. Thus, in his view, the accident occurred on Windsor's property, and Supreme Court erred in holding him liable as an "owner" within the statutory meaning.

We disagree with this assertion. As Supreme Court noted, at the time of the accident plaintiff was engaged in pouring concrete into an upper section of the retaining wall; in that area, the survey reveals that the wall is located on Norman's property. "[T]he term 'owner' is not limited to the titleholder of the property where the accident occurred and encompasses a person 'who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his [or her] benefit' " (*Scaparo v Village of Ilion*, 13 NY3d 864, 866 [2009], quoting *Copertino v Ward*, 100 AD2d 565, 566 [1984]; *see Alexander v Hart*, 64 AD3d 940, 942 [2009]).[2] We conclude that for this purpose, the pertinent ownership interest is that of the property being improved and is not, as Norman suggests, limited to the precise site from which plaintiff fell, i.e., the immediately adjoining property (*compare Mangiameli v Galante*, 171 AD2d 162, 163-164 [1991]).

In *Scaparo*, the Court of Appeals determined that a church was not liable as an owner within the meaning of the Labor Law because the church had no ownership interest in adjoining land where a sewer lateral line was being built and where a worker was injured, although the line was being installed to benefit the church (*Scaparo v Village of Ilion*, 13 NY3d at 866-867; *compare Copertino v Ward*, 100 AD2d at 566-567). Here, by contrast, Norman owned part of the wall under construction; he testified that he owned about one third of the wall and Windsor owned the remainder. The two owners undertook to rebuild the wall as a unified structure, without reference to the location of

---

2. Norman does not dispute that the wall was being repaired for his benefit as well as Windsor's.

the boundary line. In fact, it would have been impossible to access the part of the wall owned by Norman except from Windsor's side of the boundary. "Labor Law § 240 (1) is liberally construed to effect its purpose of providing protection to workers" (*Gilbert v Albany Med. Ctr.*, 9 AD3d 643, 644 [2004] [citation omitted]; *see Sanatass v Consolidated Inv. Co., Inc.*, 10 NY3d 333, 339 [2008]). To find that Norman's status as an owner of the structure upon which plaintiff was working was altered by the geographical boundary that ran between plaintiff and his work would be inconsistent with that purpose, and we decline to so hold.

Further, the duty imposed on owners by the Labor Law is nondelegable, and supervision or control are not necessary to impose liability for statutory violations under Labor Law § 240 (1) (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]) and Labor Law § 241 (6) (*see Celestine v City of New York*, 59 NY2d 938, 938 [1983]). Thus, Supreme Court properly denied Norman's summary judgment motion relative to these claims, and granted summary judgment to plaintiff on his claim against Norman under Labor Law § 240 (1).

However, Supreme Court failed to separately address the claims under common-law negligence and Labor Law § 200. To prevail on these claims, plaintiff was required to show that Norman " 'both exercised supervisory control over the operation and had actual or constructive knowledge of the unsafe manner in which the work was being performed' " (*Shields v General Elec. Co.*, 3 AD3d 715, 716 [2004], quoting *Lyon v Kuhn*, 279 AD2d 760, 761 [2001]). It is undisputed that Norman relinquished all supervisory responsibility to Windsor, and did not exercise control over the work. Thus, these claims against Norman should have been dismissed (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Baker v Town of Niskayuna*, 69 AD3d 1016, 1018-1019 [2010]).

Cardona, P.J., Mercure, Spain and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Charles Norman's motion for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action against him; motion granted to that extent and said causes of action dismissed against said defendant; and, as so modified, affirmed.