# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1323**

**CA 13-00275**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

ADELE SEUBERT, PLAINTIFF-APPELLANT,
ET AL., PLAINTIFF,

V                                    MEMORANDUM AND ORDER

JOHN D. MARCHIONI AND JEFFREY D. GRAVELLE,
DEFENDANTS-RESPONDENTS.

---

ADELE SEUBERT, PLAINTIFF-APPELLANT PRO SE.

HISCOCK & BARCLAY, LLP, ROCHESTER (TARA J. SCIORTINO OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Evelyn
Frazee, J.), entered August 13, 2012. The order granted the motion of
defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this legal malpractice action
seeking damages based on defendants' representation of them in their
purchase of a membership interest in a limited liability company.
Defendants moved for summary judgment dismissing the complaint, and
Supreme Court granted the motion. We affirm. In order to establish
their entitlement to judgment as a matter of law, defendants had to
present evidence in admissible form establishing that plaintiffs are
"unable to prove at least one necessary element of the legal
malpractice action" (*Giardina v Lippes*, 77 AD3d 1290, 1291, *lv denied*
16 NY3d 702; *see Ginther v Rosenhoch*, 57 AD3d 1414, 1414-1415, *lv
denied* 12 NY3d 707), e.g., " 'that the defendant attorney failed to
exercise that degree of care, skill, and diligence commonly possessed
by a member of the legal community' " (*Phillips v Moran & Kufta, P.C.*,
53 AD3d 1044, 1044-1045; *see generally McCoy v Feinman*, 99 NY2d 295,
301; *Williams v Kublick*, 302 AD2d 961, 961). Here, defendants met
their initial burden on the motion with respect to that element (*see
generally Zuckerman v City of New York*, 49 NY2d 557, 562). Inasmuch
as plaintiffs did not submit expert testimony or, indeed, any
opposition to defendants' motion, they failed to raise an issue of
fact concerning defendants' compliance with the applicable standard of
care (*see Merlin Biomed Asset Mgt., LLC v Wolf Block Schorr &
Solis-Cohen, LLP*, 23 AD3d 243, 243; *see also Zeller v Copps*, 294 AD2d
683, 684-685). Plaintiffs' remaining contentions are raised for the
first time on appeal and thus are not properly before us (*see*

*Ciesinski v Town of Aurora*, 202 AD2d 984, 985).