# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**201**
**CA 13-01562**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

GAETANO FARRUGGIA AND GABRIELLA FARRUGGIA,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                              MEMORANDUM AND ORDER

TOWN OF PENFIELD, DEFENDANT-APPELLANT-RESPONDENT,
KENNETH HERSHEY AND SUZANNE HERSHEY,
DEFENDANTS-RESPONDENTS.

---

SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT.

DOLCE & PANEPINTO, P.C., BUFFALO (STEPHEN C. HALPERN OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS-APPELLANTS.

CHAMBERLAIN D'AMANDA OPPENHEIMER & GREENFIELD LLP, ROCHESTER (HENRY R.
IPPOLITO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal and cross appeal from an order of the Supreme Court,
Monroe County (John J. Ark, J.), entered April 3, 2013.  The order,
among other things, denied the motion of defendant Town of Penfield
for summary judgment and granted the motion of defendants Kenneth
Hershey and Suzanne Hershey for summary judgment.

It is hereby ORDERED that the order so appealed from is modified
on the law by granting the motion of defendant Town of Penfield and
dismissing the complaint and cross claim against it, denying
plaintiffs' motion in its entirety, and denying those parts of the
motion of defendants Kenneth Hershey and Suzanne Hershey for summary
judgment dismissing the Labor Law § 200 and common-law negligence
causes of action against them and reinstating those causes of action,
and as modified the order is affirmed without costs.

Memorandum:  Plaintiffs commenced this Labor Law and common-law
negligence action seeking damages for injuries sustained by Gaetano
Farruggia (plaintiff) when the backhoe that he was operating fell into
a ravine.  Defendant Town of Penfield (Town) hired plaintiff's
employer to perform sidewalk and paving work on property owned by
defendants Kenneth Hershey and Suzanne Hershey (Hershey defendants).
Specifically, the Town hired plaintiff's employer to replace the
sidewalk abutting the Hershey defendants' main driveway, which was
located on the northern end of their property, and to perform some
paving work on that driveway (hereafter, sidewalk project).  The
sidewalk project was located within the Town's right-of-way, which was

60 feet in width.  There was also a second driveway on the southern portion of the Hershey property (hereafter, south driveway), which was located 700 to 800 feet from the main driveway.  Plaintiff's accident occurred in what the parties refer to as a "landing area" adjacent to the south driveway.  Plaintiff was parking the backhoe in the landing area at the end of his work day when it rolled or tipped into a ravine.  The Hershey defendants and the Town moved for summary judgment dismissing the complaint and cross claims against them.  Plaintiffs moved for partial summary judgment on liability under Labor Law § 240 (1) and for leave to amend their bill of particulars to assert a violation of 12 NYCRR 23-9.4 (c) as a basis for their Labor Law § 241 (6) cause of action against the Town.  The Town appeals and plaintiffs cross-appeal from an order denying the Town's motion for summary judgment, granting the Hershey defendants' motion for summary judgment, denying that part of plaintiffs' motion for partial summary judgment, and granting that part of plaintiffs' motion for leave to amend their bill of particulars.

Addressing first the appeal, we agree with the Town that the court erred in denying the Town's motion for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action against it, inasmuch as the Town is not an "owner" for purposes of those statutes (*see Sanzone v City of Rome*, 292 AD2d 777, 778).  It is well settled that "the term 'owner' is not limited to the titleholder of the property where the accident occurred and encompasses a person 'who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his [or her] benefit' " (*Scaparo v Village of Ilion*, 13 NY3d 864, 866, quoting *Copertino v Ward*, 100 AD2d 565, 566).  Here, the accident occurred well outside of the Town's right-of-way, and the Town had no other interest in or legal authority over the landing area, which was located entirely on the Hersheys' private property (*see id.* at 866-867).  The Town established that it was Kenneth Hershey, not the Town, who gave plaintiff permission to park in the landing area; that the Town had no authority to grant such permission to plaintiff; and that Kenneth Hershey directed plaintiff where to park.  Further, the Town established that the landing area was not part of the construction site (*see Flores v ERC Holding LLC*, 87 AD3d 419, 421; *Sprague v Louis Picciano, Inc.*, 100 AD2d 247, 249-250, *lv denied* 62 NY2d 605).  No work was being performed in the landing area, and the landing area was not contiguous or in proximity to the construction site (*see Sprague*, 100 AD2d at 250).  Moreover, the Town established that it was not necessary for plaintiff to park the backhoe in the landing area.  The Town provided plaintiff with parking in a municipal garage, which was located a few miles from the work site.  Plaintiff, however, testified at his deposition that he chose to use the landing area because it was closer to the work site and more "convenient" to do so (*cf. Kane v Coundorous*, 293 AD2d 309, 311-312; *Zito v Occidental Chem. Corp.*, 259 AD2d 1015, 1015-1016, *lv dismissed* 93 NY2d 999).

We further agree with the Town that plaintiff's accident did not involve "an elevation-related risk of the kind that the safety devices listed in [Labor Law §] 240 (1) protect against" (*Broggy v Rockefeller*

*Group, Inc.*, 8 NY3d 675, 681; *see Primavera v Benderson Family 1968 Trust*, 294 AD2d 923, 924; *Mazzu v Benderson Dev. Co.*, 224 AD2d 1009, 1010-1011).  We thus conclude that plaintiff's accident was "not within the class of hazards against which Labor Law § 240 (1) was intended to guard" (*Ferreira v Village of Kings Point*, 68 AD3d 1048, 1050; *see Wynne v B. Anthony Constr. Corp.*, 53 AD3d 654, 655).

With respect to the Labor Law § 200 and common-law negligence causes of action against the Town, it is well settled that " '[l]iability for a dangerous condition on property is predicated upon occupancy, ownership, control or a special use of [the] premises' " (*Clifford v Woodlawn Volunteer Fire Co., Inc.*, 31 AD3d 1102, 1103).  " 'The existence of one or more of these elements is sufficient to give rise to a duty of care[, but w]here none is present, a party cannot be held liable for injury caused by the defective or dangerous condition of the property' " (*id.*).  Here, the Town met its initial burden on the motion "by establishing that [it] did not occupy, own, or control the [landing area] and did not employ it for a special use, and thus did not owe plaintiff a duty of care" (*Knight v Realty USA.COM, Inc.*, 96 AD3d 1443, 1444), and plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  We therefore modify the order by granting the Town's motion for summary judgment and dismissing the complaint and cross claim against it.  In view of that determination, we further modify the order by denying plaintiffs' motion in its entirety, inasmuch as there is no longer a basis for plaintiffs to seek leave to amend their bill of particulars in connection with a cause of action against the Town.

With respect to the cross appeal, we agree with plaintiffs that the court erred in dismissing the Labor Law § 200 and common-law negligence causes of action against the Hershey defendants.  It is undisputed that the Hershey defendants owned and controlled the property where the accident occurred, and we conclude that they failed to establish as a matter of law that they lacked actual or constructive notice of the allegedly dangerous condition on their property (*see Mendez v Jackson Dev. Group, Ltd.*, 99 AD3d 677, 679-680; *Ozimek v Holiday Val., Inc.*, 83 AD3d 1414, 1416-1417).  We therefore further modify the order accordingly.

All concur except WHALEN, J., who dissents in part and votes to modify in accordance with the following Memorandum:  I respectfully dissent in part, because I disagree with the majority's conclusion that defendant Town of Penfield (Town) is not an "owner" for the purposes of Labor Law §§ 240 (1) and 241 (6).  I therefore would affirm the order insofar as it denied that part of the Town's motion for summary judgment dismissing those causes of action against it.  As the majority rightly notes, "the term 'owner' is not limited to the titleholder of the property where the accident occurred and encompasses a person 'who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his [or her] benefit' " (*Scaparo v Village of Ilion*, 13 NY3d 864, 866, quoting *Copertino v Ward*, 100 AD2d 565, 566).  Here, the Town satisfied the definition of "owner" inasmuch as it had an undisputed

property interest, i.e., the right-of-way, and it fulfilled the role of owner by contracting for the sidewalk replacement work (*see Larosae v American Pumping, Inc.*, 73 AD3d 1270, 1272; *Reisch v Amadori Constr. Co.*, 273 AD2d 855, 856; *see also Walp v ACTS Testing Labs, Inc./Div. of Bur. Veritas*, 28 AD3d 1104, 1104-1105).  It is undisputed that the backhoe was regularly parked at the "landing area" overnight, to be used in the construction project the following day.  The "landing area," moreover, was part of the property subject to the Town's right-of-way on which the reconstruction project was taking place.  Thus, the facts here are distinguishable from those in *Sanzone v City of Rome* (292 AD2d 777), inasmuch as in *Sanzone* the accident occurred, not on property that was part of the construction project, but at a parking lot leased for the sole purpose of storing equipment and materials.

I also respectfully disagree with the majority's conclusion that the accident was not the result of the type of hazard that the use or placement of the safety devices enumerated in Labor Law § 240 (1) was designed to protect against.  In my view, issues of fact remain whether the accident resulted from an elevation-related risk.  The Town did not meet its initial burden of establishing that parking the backhoe at the edge of a steep ravine did not involve an elevation-related risk that called for placement of a safety device to shield Gaetano Farruggia (plaintiff) from the danger arising from the significant elevation differential (*see DeLong v State St. Assoc.*, 211 AD2d 891, 892; *see generally* Labor Law § 240 [1]; *Salazar v Novalex Contr. Corp.*, 18 NY3d 134, 139).  Thus, "[w]hether plaintiff's injuries were proximately caused by the lack of a safety device of the kind required by the statute is an issue for the trier of fact to determine" (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 11).

Entered:  July 3, 2014                    Frances E. Cafarell
                                          Clerk of the Court