Whalen, J.
(dissenting in part). I respectfully dissent in part, because I disagree with the majority’s conclusion that defendant Town of Penfield (Town) is not an “owner” for the purposes of Labor Law §§ 240 (1) and 241 (6). I therefore would affirm the order insofar as it denied that part of the Town’s motion for summary judgment dismissing those causes of action against it. As the majority rightly notes, “the term ‘owner’ is not limited to the titleholder of the property where the accident occurred and encompasses a person ‘who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his [or her] benefit’ ” (Scaparo v Village of Ilion, 13 NY3d 864, 866 [2009], quoting Copertino v Ward, 100 AD2d 565, 566 [1984]). Here, the Town satisfied the definition of “owner” inasmuch as it had an undisputed property interest, i.e., the right-of-way, and it fulfilled the role of owner by contracting for the sidewalk replacement work (see Larosae v American Pumping, Inc., 73 AD3d 1270, 1272 [2010]; Reisch v Amadori Constr. Co., 273 AD2d 855, 856 [2000]; see also Walp v ACTS Testing Labs, Inc./Div. of Bur. Veritas, 28 AD3d 1104, 1104-1105 [2006]). It is undisputed that the backhoe was regularly parked at the “landing area” overnight, to be used in the construction project the following day. The “landing area,” moreover, was part of the property subject to the Town’s right-of-way on which the reconstruction project was taking place. Thus, the facts here are distinguishable from those in Sanzone v City of Rome (292 AD2d 777 [2002]), inasmuch as in Sanzone the accident occurred, not on property that was part of the construction project, but at a parking lot leased for the sole purpose of storing equipment and materials.
I also respectfully disagree with the majority’s conclusion that the accident was not the result of the type of hazard that the use or placement of the safety devices enumerated in Labor Law § 240 (1) was designed to protect against. In my view, issues of fact remain whether the accident resulted from an elevation-related risk. The Town did not meet its initial burden of establishing that parking the backhoe at the edge of a steep ravine did not involve an elevation-related risk that called for placement of a safety device to shield Gaetano Farruggia (plaintiff) from the danger arising from the significant elevation differential (see DeLong v State St. Assoc., 211 AD2d 891, 892 [1995]; see generally Labor Law § 240 [1]; Salazar v Novalex Contr. Corp., 18 NY3d 134, 139 [2011]). Thus, “[w]hether plaintiff’s injuries were proximately caused by the lack of a *1324 safety device of the kind required by the statute is an issue for a trier of fact to determine” (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 11 [2011]).
Present — Scudder, EJ., Centra, Peradotto, Lindley and Whalen, JJ.