# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1438**
**CA 14-00816**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, AND SCONIERS, JJ.

---

KATHLEEN E. ST. JOHN, CLAIMANT-APPELLANT,

V                                                        MEMORANDUM AND ORDER

STATE OF NEW YORK AND NEW YORK STATE THRUWAY
AUTHORITY, DEFENDANTS-RESPONDENTS.
(CLAIM NO. 112856.)

---

CANTOR, DOLCE & PANEPINTO, P.C., BUFFALO (ANNE M. WHEELER OF COUNSEL),
FOR CLAIMANT-APPELLANT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (MICHAEL
FEELEY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Court of Claims (Jeremiah J. Moriarty, III, A.J.), entered July 30, 2013. The order, among other things, granted the motion of defendants for summary judgment and dismissed the claim.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Claimant commenced this Labor Law and common-law negligence action seeking damages for injuries she sustained when she allegedly slipped or tripped as she attempted to attach a piece of equipment to the hitch of a pickup truck. At the time of the accident, claimant was employed by a contractor hired by defendant State of New York (State) for a highway reconstruction project. The accident occurred at a parking lot leased by claimant's employer for, inter alia, the storage of material and equipment used on the project, and claimant and her coworker were preparing to transport a large, two-wheeled light plant to the construction site when she slipped or tripped.

The Court of Claims properly granted defendants' motion seeking summary judgment dismissing the claim and denied claimant's cross motion seeking, inter alia, partial summary judgment on the issue of liability with respect to her Labor Law § 241 (6) claim. Defendants established as a matter of law that purported defendant New York State Thruway Authority had no connection with the project and was erroneously named a defendant, and claimant failed to raise a triable issue of fact (*see Koch v Haven-Busch Co.*, 41 AD2d 774, 774; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Defendants further established as a matter of law that the State is not an

"owner" for purposes of liability under Labor Law § 241 (6). The State "was the owner of the construction site, but was not the owner of the property where [claimant] was injured" (*Sanzone v City of Rome*, 292 AD2d 777, 778), and it had no legal authority over the parking lot, which was located on private property that had been leased by claimant's employer (*see Farruggia v Town of Penfield*, 119 AD3d 1320, 1321, *lv denied* 24 NY3d 906). In addition, with respect to the Labor Law § 200 and common-law negligence claims, the State established that it "did not occupy, own, or control the [parking lot] and did not employ it for a special use, and thus did not owe [claimant] a duty of care" (*Knight v Realty USA.com, Inc*., 96 AD3d 1443, 1444). Claimant failed to raise a triable issue of fact in response to defendants' submissions (*see Farruggia*, 119 AD3d at 1322; *see generally Zuckerman*, 49 NY2d at 562). Inasmuch as the claim is dismissed, there is no basis for claimant to seek leave to amend her bill of particulars (*see Farruggia*, 119 AD3d at 1322) and, thus, the court properly denied that part of claimant's cross motion seeking such leave.

Entered: January 2, 2015

Frances E. Cafarell
Clerk of the Court