Murray v Lipman (2018 NY Slip Op 04484)





Murray v Lipman


2018 NY Slip Op 04484


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


745 CA 18-00069

[*1]JULIE L. MURRAY, PLAINTIFF-APPELLANT,
v
HOWARD S. LIPMAN, ESQ., AND FINE, OLIN & ANDERMAN, LLP, DEFENDANTS-RESPONDENTS. 






DEMARIE & SCHOENBORN, P.C., BUFFALO (JOSEPH DEMARIE OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
FINE OLIN & ANDERMAN LLP, NEWBURGH (JAMES W. SHUTTLEWORTH, III, OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered June 12, 2017. The order granted the motion of defendants for summary judgment, denied the cross motion of plaintiff for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this legal malpractice action seeking damages based on defendants' representation of her in matters involving workers' compensation. Defendants moved for summary judgment dismissing the complaint, and Supreme Court granted the motion. We affirm. In order to establish their entitlement to judgment as a matter of law, defendants had to present evidence in admissible form establishing that plaintiff is "unable to prove at least one necessary element of the legal malpractice action" (Giardina v Lippes, 77 AD3d 1290, 1291 [4th Dept 2010], lv denied 16 NY3d 702 [2011]), e.g., " that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community' " (Phillips v Moran & Kufta, P.C., 53 AD3d 1044, 1044-1045 [4th Dept 2008]). Here, defendants met their initial burden on the motion with respect to that element (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). To the extent that plaintiff alleged a violation of the Rules of Professional Conduct (22 NYCRR 1200.0) in opposition to defendants' motion, we note that "such an alleged violation does not, without more, support a malpractice claim" (Cohen v Kachroo, 115 AD3d 512, 513 [1st Dept 2014]). Inasmuch as plaintiff did not submit an expert's affidavit "delineating the appropriate standard of professional care and skill' to which defendants were required to adhere under the circumstances present here," she failed to raise an issue of fact concerning defendants' compliance with the applicable standard of care (Zeller v Copps, 294 AD2d 683, 684 [3d Dept 2002]; see Merlin Biomed Asset Mgt., LLC v Wolf Block Schorr & Solis-Cohen LLP, 23 AD3d 243, 243 [1st Dept 2005]; see also Zeller v Copps, 294 AD2d 683, 684-685 [3d Dept 2002]).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court