Quinn-Jacobs v Moquin (2022 NY Slip Op 00570)





Quinn-Jacobs v Moquin


2022 NY Slip Op 00570


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


950 CA 20-01407

[*1]KATHLEEN QUINN-JACOBS AND DAVID QUINN-JACOBS, PLAINTIFFS-APPELLANTS,
v
ROSS MOQUIN, M.D., ET AL., DEFENDANTS, AND CROUSE HOSPITAL, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 






EDELMAN & EDELMAN, P.C., NEW YORK CITY (JOHN CHERUNDOLO OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
GALE GALE & HUNT, LLC, SYRACUSE (ANDREW R. BORELLI OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered October 13, 2020. The order, insofar as appealed from, denied that part of the motion of plaintiffs seeking leave to amend their bill of particulars. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this medical malpractice action, plaintiffs appeal, in appeal No. 1, from an order that denied their motion seeking, inter alia, leave to amend the bill of particulars to add the names of certain individuals for whose acts plaintiffs alleged Crouse Hospital (defendant) was vicariously liable. In appeal No. 2, plaintiffs appeal from a subsequent order that denied their motion for leave to renew with respect to the prior order. We affirm in both appeals.
In appeal No. 1, we conclude that Supreme Court did not abuse its discretion in declining to grant leave to amend the bill of particulars to add "Donna Diliberto, R.N." as an individual for whose acts defendant was vicariously liable (see Silber v Sullivan Props., L.P., 182 AD3d 512, 513 [1st Dept 2020]; see generally Raymond v Ryken, 98 AD3d 1265, 1266 [4th Dept 2012]). Inasmuch as the claims underlying the remaining proposed amendments to the bill of particulars had been dismissed upon defendant's prior motion for summary judgment (Quinn-Jacobs v Moquin, 195 AD3d 1463, 1464 [4th Dept 2021]), there was no basis for plaintiffs to seek leave to amend the bill of particulars to make those remaining proposed amendments (see St. John v State of New York, 124 AD3d 1399, 1400 [4th Dept 2015]; Farruggia v Town of Penfield, 119 AD3d 1320, 1322 [4th Dept 2014], lv denied 24 NY3d 906 [2014]).
In appeal No. 2, contrary to plaintiffs' contention, we conclude that they failed to present any new facts or a change in law warranting leave to renew (see CPLR 2221 [e] [2], [3]; see generally Boreanaz v Facer-Kreidler, 2 AD3d 1481, 1482 [4th Dept 2003]).
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court